421 A.2d 1212

**John E. GALLAGHER and Mary E. Gallagher,**

**v.**

**TRANSPORT POOL INCORPORATED, a corporation, Appellant,**

**v.**

**RYDER TRUCK LINES, Helms Express Division.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1979.

Filed Sept. 19, 1980.

Herman C. Kimpel, Pittsburgh, for appellant.

Paul E. Moses, Pittsburgh, for Gallagher, appellees.

James A. Prozzi, Pittsburgh, for Ryder, appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

PRICE, Judge:

Appellant appeals the order of the court of common pleas granting appellee Ryder Truck Lines' (hereinafter Ryder's) petition for judgment on the pleadings and thereby dismissing appellant's complaint to join Ryder as an additional defendant. For the reasons stated herein, we affirm the order in part, reverse in part, and remand the case to the court of common pleas for further proceedings consistent· with this opinion.

The pertinent facts are as follows. Appellee John Gallagher, a truck driver employed by Ryder, was injured in the course of his employment when he allegedly slipped into a hole in the floor of a trailer leased by appellant to Ryder. The lease agreement contained an indemnity clause whereby Ryder agreed to indemnify appellant from liability to persons injured as a result of Ryder's failure to maintain the trailer in accordance with the provisions of the agreement.[1] Appellee Gallagher and his wife filed a complaint in trespass against appellant alleging that his injuries directly resulted from, *inter alia*, appellant's negligence in leasing the trailer in a dangerous and defective condition, and they each[2] sought compensatory damages in excess of $10,000. Appellant filed an answer denying appellees' allegations and new matter in which it alleged that a substantial change in the condition of the trailer was effected between the date of the lease agreement and appellee's accident. Appellant thereafter filed a complaint to join Ryder as an additional defendant and alleged that the dangerous condition of the trailer was caused by Ryder's negligence and that it had a contractual right of indemnification against Ryder. Ryder answered appellant's complaint and subsequently filed a motion for judgment on the pleadings based upon appellant's alleged failure to state a claim upon which relief could be granted. Ryder contended, in essence that as an employer in the context of the Pennsylvania Workmen's Compensation Act,[3] it was absolved of liability to third parties and that appellant's attempted joinder was therefore precluded. In granting the motion for jugdment on the pleadings, and thereby dismissing appellant's complaint against Ryder, the court of common pleas relied upon our decision in *Hefferin v. Stemp-*

1. The lease agreement provided, *inter alia*, that the lessee (Ryder) agreed, at its sole costs and expense, "to keep said equipment at all times during the life of this Agreement in good repair and operating condition ... and to replace with new parts any and all badly worn or broken parts ...."

2. Mrs. Gallagher's claim was in the nature of loss of consortium.

3. Act of June 2, 1915, P.L. 736, Art. 1, §§ 101 *et seq., as amended,* 77 P.S. §§ 1 *et seq.*

*kowski,* 247 Pa.Super. 366, 372 A.2d 869 (1977) and the decision of the Allegheny County Court of Common Pleas in *Szemanski v. Vulcan Materials Company,* 126 P.L.J. 167 (1978), *reversed,* 272 Pa.Super. 240, 415 A.2d 92 (1979).

On appeal, appellant contends that the trial court erred in granting Ryder's motion for judgment on the pleadings because the Workmen's Compensation Act allows joinder of an employer when a written indemnity contract is in force.[4] We agree.

Prior to the General Assembly's amendment of section 303 of the Workmen's Compensation Act (77 P.S. § 481), a third party being sued by an injured employee was permitted to join the plaintiff's employer as an additional defendant. *See, e. g., Burke v. Duquesne Light Company,* 231 Pa.Super. 412, 332 A.2d 544 (1974). However, in 1974 the legislature amended section 303(b) to provide as follows:

"(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action of law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party

4. Appellant also contends that Ryder waived any attack to the joinder by failing to file preliminary objections. Our disposition of the instant case renders consideration of this issue unnecessary.

alleged to be liable prior to the date of the occurrence which gave rise to the action." (footnotes omitted).

■ We had occasion to review this amendment in *Hefferin v. Stempkowski, supra,* and we there concluded that the General Assembly intended to make the Workmen's Compensation Act a complete substitute for, not a supplement to, common law *tort* actions against employers. Indeed, in *Bell v. Koppers Co., Inc.,* 481 Pa. 454, 392 A.2d 1380 (1978) our supreme court stressed that section 303 "obliterates" third parties' causes of actions for negligence against employers. Therefore, we conclude that the court of common pleas was correct in dismissing Count I of appellant's complaint which alleged negligence on the part of Ryder. *See Szemanski v. Vulcan Materials Company, supra.*

■ The trial court's and appellees' reliance on *Hefferin,* however, is misplaced as applied to Count II of appellant's complaint. *Hefferin* concerned the situation in which an employer is joined as an additional defendant only to determine his liability for negligence. In the case *sub judice,* appellant, in the second count of his complaint, sought to join Ryder to enforce a contractual right of indemnification. In reversing the *Szemanski v. Vulcan Materials Company* decision relied upon by the trial court in the instant case, a panel of our court determined that although section 303 bars joinder of an employer as an additional defendant to determine liability, it does not bar joinder to enforce a *contractual* obligation for indemnity pursuant to a written contract signed by the employer. We find that *Szemanski* controls the instant situation and therefore hold that the court of common pleas erred in granting Ryder's motion for judgment on the pleadings with respect to the second count of appellant's complaint.

Accordingly, we affirm the order of the court of common pleas as it applies to Count I of appellant's complaint, reverse the order as it applies to Count II of the complaint and remand the case for further proceedings consistent with this opinion.