Donald A. SHELDON, Plaintiff,

v.

WEST BEND EQUIPMENT CORPORATION, a corporation; FMC Corporation, a corporation, and Alles Southeast Corporation, a corporation, Defendants,

v.

DEERING MILLIKEN, INC., a corporation, Third–Party Defendant.

Civ. A. No. 80–33R.

United States District Court,
W. D. Pennsylvania.

Nov. 4, 1980.

Albert G. Feczko, Jr., Feczko & Seymour, Pittsburgh, Pa., for plaintiff.

James S. Ehrman, Kyle & Ehrman, Pittsburgh, Pa., for Ellwood Knitting Mills, Inc., plaintiff.

Robert S. Grigsby, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for defendant West Bend Equipment Corp.

Herman C. Kimpel, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for Alles Southeast Corp., defendant.

John M. Feeney, Baskin & Sears, Pittsburgh, Pa., for FMC Corp., defendant.

William R. Tighe, Stein, Winters, Gorr & Tighe, Pittsburgh, Pa., for Deering Milliken, Inc., third–party defendant.

## MEMORANDUM

MARSH, District Judge.

In this diversity, negligence and strict liability action, the plaintiff Sheldon seeks damages for injuries he sustained on January 6, 1978 when he fell from a man–lift.

The plaintiff alleges that the man–lift was defective and negligently manufactured by the defendant West Bend Equipment Corporation (West) and sold by West in 1962 to plaintiff's employer Ellwood Knitting Mills, Inc. (Ellwood). Plaintiff also alleges that while he was on top of the man–lift and was moving a case of material by the plastic strap around the case, the plastic strap was defective and broke or came loose causing him to fall off the defective and negligently guarded man–lift striking his head and causing injuries. The plaintiff alleges that the defective plastic strap and an automatic plastic machine strapper were manufactured and sold by the defendants FMC Corporation and/or Alles Southeast Corporation.

The defendant West denies liability and asserts the plaintiff was contributorily negligent and assumed the risk of injury, and the negligent conduct of Ellwood, the plaintiff's employer, was a superceding cause of plaintiff's injuries.

West contends that the plaintiff has been receiving workmen's compensation benefits; that Ellwood, his employer, is asserting a right to subrogation; that Ellwood was the negligent cause of the accident; and, that Ellwood claims an interest in the action which may be financially detrimental to West. Accordingly, West moves to join Ellwood as an involuntary plaintiff pursuant to Rule 19 of the Federal Rules of Civil Procedure.[1]

---

1. Rule 19 provides:

JOINDER OF PERSONS NEEDED FOR JUST ADJUDICATION

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed.

(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective

Since Ellwood is a corporate citizen of Pennsylvania, it is subject to service of process and its presence in the action as an involuntary plaintiff will not deprive the court of diversity jurisdiction.

Under the Pennsylvania Workmen's Compensation Act, 77 P.S. § 481, the employer may not be joined as an additional defendant. *Tsarnas v. Jones & Laughlin Steel Corp.*, 488 Pa. 513, 412 A.2d 1094 (1980); *Arnold v. Borbonus*, 257 Pa.Super. 110, 390 A.2d 271 (1978); *Hefferin v. Stemkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977). In *Hefferin*, it was stated at page 871, "the employer's right to subrogation remains unchanged." Thus, complete relief cannot be achieved among the named defendants unless it can be determined by the jury whether or not Ellwood, the employer, was a negligent cause of the accident. Likewise, complete relief cannot be achieved under the Pennsylvania Comparative Negligence Act, 42 Pa.C.S.A. § 7102, unless the percentage of negligence can be allocated by the jury to all parties including the employer and the plaintiff. In light of that Act, all parties have a right to know the percentage of negligence, if any, the jury attributes to the employer, the plaintiff employee and to each defendant.

■ Moreover, if the employer is found to be negligent and its negligence was a proximate cause of its employee's injuries, the employer's negligence would operate to bar any claim of the employer for subrogation. *Maio v. Fahs*, 339 Pa. 180, 14 A.2d 105 (1940); *Grimm v. O. K. Keckley Co.*, 555 F.2d 123 (3rd Cir. 1977); *Davis v. Gerstenslager Co.*, 302 F.Supp. 742 (W.D.Pa.1969). Also, under the Workmen's Compensation Act, the employer has a statutory duty to compensate an employee for work related injuries. To permit a negligent employer to

escape this obligation by subrogation of the damages awarded to his injured employee from an at fault defendant would be inequitable. See hypothetical case No. 3 of Judge Spaeth in his concurring and dissenting opinion in *Arnold v. Borbonus, supra.* Accordingly, negligent defendants have a right to know whether they should pay a non–negligent employer on its subrogation claim, or whether a negligent employer's subrogation claim is barred and they should pay the plaintiff the amount of the verdict less the workmen's compensation he has received from his employer.

■ In two Pennsylvania Courts of Common Pleas, joinder of an employer as an additional defendant was permitted despite the decisions in *Tsarnas, Hefferin* and *Borbonus, supra*, in order that there could be a proper finding made at the time of trial of an accurate and fair percentage of causal negligence of all parties including the employer. *Flack v. Calabrace*, Vol. LXII Westmoreland Law Journal, 137 (C.P.West 1980); *Yeagly v. Metropolitan Edison Company*, C.P.Lebanon, May 13, 1980.[2]

In *Lipari v. Niagara Machine & Tool Works and Rockford Safety Equipment Company*, 87 F.R.D. 730 (W.D.Pa.1980), Chief Judge Weber in a products liability case held an allegedly negligent employer could be added as an involuntary plaintiff upon motions by the original defendants pursuant to Rule 17(a), Federal Rules of Civil Procedure, which requires that "every action shall be prosecuted in the name of the real party in interest."

In our opinion, all the foregoing pertinent issues should be resolved in this action. Therefore, the plaintiff's employer should be joined as an involuntary plaintiff since the plaintiff claims damages for a work

provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

(c) Pleading Reasons for Nonjoinder. A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as described in subdivision (a)(1)–(2) hereof who are not joined, and the reasons why they are not joined.

(d) Exception of Class Actions. This rule is subject to the provisions of Rule 23.

As amended Feb. 28, 1966, eff. July 1, 1966.

2. The opinions of the Courts of Common Pleas were attached to West's brief.

related accident and there is a valid contention that the employer was a negligent cause of the accident, otherwise complete relief cannot be accorded among those already party defendants.

An appropriate order will be entered.