Celesta **SCHULTZ** and Joseph W. Schultz, her husband, Plaintiffs,

v.

**BELL & HOWELL CO.**, a corporation, U. S. Datacorp, a subsidiary of Performance Systems, Inc., a/k/a D.S.I. Corp., a corporation and Scott Graphics, Inc., a subsidiary of Scott Paper Co., a corporation, a/k/a James River Graphics, Defendants,

v.

**MELLON BANK, N. A.**, Third-Party Defendant.

Civ. A. No. 80–670 CA.

United States District Court, W. D. Pennsylvania.

Feb. 2, 1981.

Samuel A. Moore, Feczko & Seymour, Pittsburgh, Pa., for plaintiffs.

Thomas J. Reinstadtler, Pittsburgh, Pa., for U. S. Datacorp.

Charles Kirshner, Pittsburgh, Pa., for Bell & Howell.

Edward C. Schmidt, Pittsburgh, Pa., for Data Corp.

Jerome W. Kiger, Pittsburgh, Pa., for Scott Graphics.

James F. Manley, Pittsburgh, Pa., for James River Graphics.

Arthur J. Leonard, Robb, Leonard & Mulvihill, Pittsburgh, Pa., for Mellon Bank, N. A.

## MEMORANDUM OPINION

TEITELBAUM, District Judge.

Celesta Schultz and Joseph W. Schultz brought this action against the manufacturer of a dry developer copying machine, Scott Graphics, Inc.; the manufacturer of a component part, U.S. Datacorp; and the manufacturer of a microfiche processor, Bell & Howell Co.; to recover damages. Celesta Schultz alleges she sustained personal injuries as a result of exposure to ammonia while operating copy machines in the scope and course of her employment.[1] The action was removed from state court with federal jurisdiction based upon diversity of citizenship and amount in controversy. Scott Graphics filed a third party complaint against Celesta Schultz's employer, Mellon Bank, N.A. Mellon Bank has filed a motion to dismiss on the ground section 303(b) of the Pennsylvania Workmen's Compensation Act, 77 P.S. § 481(b) confers complete immunity on an employer from claims asserted by a third party in an action brought by an employee against a third party.

Section 303(b) of the Pennsylvania Workmen's Compensation Act ("Act"), 77 P.S. § 481(b) permits an employee to bring an action against a third party, but provides the employer "shall not be liable to a third party for damages, contribution or indemnity ..." unless provided for by contract. Scott Graphics opposes Mellon Bank's motion to dismiss contending Mellon Bank's negligence was the cause of Celesta Schultz's injuries. Therefore Scott Graphics contends that Mellon Bank is a party whose joinder is necessary to determine Mellon Bank's potential subrogation rights and to apportion fault under Pennsylvania's comparative negligence law. Scott Graphics further contends that Mellon Bank's failure to pay worker's compensation benefits to Celesta Schultz precludes Mellon Bank from asserting this statutory defense.

Since this Court's jurisdiction has been invoked on the basis of diversity of citizenship, this Court must apply the substantive law of Pennsylvania. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Pennsylvania courts have expressly held that this section of the Act bars the joinder of the employer as an additional defendant in an action brought by an employee against a third party. *Tsarnas v. Jones & Laughlin Steel Corp.,* 488 Pa. 513, 412 A.2d 1094 (1980); *Arnold v. Borbonus,* 257 Pa.Super. 110, 390 A.2d 271 (1978); *Hefferin v. Stempkowski,* 247 Pa. Super. 366, 372 A.2d 869 (1977). In *Bell v. Koppers Co., Inc.,* 481 Pa. 454, 392 A.2d 1380 (1978) the Pennsylvania Supreme Court held that this section altered substantive rights and was not to be given retrospective application to injuries sustained prior to its effective date. The Court went on to state "Section 303(b) of the Workmen's Compensation Act more than alters, it obliterates a cause of action ... the enactment of Section 303(b) has foreclosed the adjudication of the liability of the employer." (citation omitted) *Id.* at 458, 392 A.2d at 1382.

The interpretation of this section of the Act has resulted in a divergence of opinion in the United States District Court for the Western District of Pennsylvania. In *Lewis v. Chemetron Corp.,* 448 F.Supp. 211, 214 (W.D.Pa.1978), Chief Judge Weber resolved a conflict of laws question determining that Ohio law was applicable under the most significant relationship test, but stated that under Pennsylvania law this section of the Act bars the joinder of the employer as a

---

1. Celesta Schultz claimed worker's compensation benefits against her employer; the claim was denied and is the subject of a separate pending action.

third party defendant in an action brought by an employee against a third party. In *Lipari v. Niagara*, 87 F.R.D. 730 (W.D.Pa. 1980), appeal pending, Judge Weber held that although this section bars the joinder of the employer as a third party defendant, the employer could be joined as an involuntary plaintiff to permit a determination of the employer's negligence. Judge Marsh also allowed the joinder of the employer as an involuntary plaintiff to permit a determination of the employer's negligence in *Sheldon v. West Bend,* 502 F.Supp. 256 (W.D.Pa.1980). Judge Knox in *Colombo v. Republic Steel Corp.,* 448 F.Supp. 833, 834 (W.D.Pa.1978) and in *Adamik v. Pullman,* 439 F.Supp. 784 (W.D.Pa.1977) indicated that this section barred the joinder of the employer as a third party defendant, but did not directly address the issue of the employer's joinder as an involuntary plaintiff. Nonetheless a fair reading of *Adamik, supra,* strongly suggests that this section confers complete immunity on the employer. In *Shaner v. Caterpillar Tractor Co.,* 483 F.Supp. 705 (W.D.Pa.1980), Judge Diamond held that this section confers complete immunity on the employer and bars the joinder of the employer as a third party defendant and as an involuntary plaintiff.

The joinder of an employer as an involuntary plaintiff serves judicial economy and tends to promote an equitable resolution of all issues. However, it seems that the intent of the Pennsylvania legislature in enacting this section of the Act was to provide the employer with complete immunity from suit in exchange for the employer's participation in the workmen's compensation scheme. As Judge Knox stated:

> By rendering employers who are liable for compensation without regard to fault immune from third party actions and by permitting them to recoup compensation benefits paid when the negligence of a third party has been the proximate cause of an employee's injuries, the General Assembly intended to provide more certainty in the administration of the benefit fund and more stability to the fund. Elimination of third party actions against employers permits employers and their insurers to better estimate compensation

costs. It also prevents the uncertain drain on the benefit fund caused by the employer contribution costs and legal defense expenses that had resulted from third party actions in the past. (citation omitted). *Adamik, supra* at 786.

Thus, while the considered approach of Judges Weber and Marsh to the problem of joinder of the employer has much to commend itself, this Court feels compelled to respectfully dissent from the procedure they adopt and fulfill what it perceives to be the intent of the Pennsylvania legislature.

With respect to Scott Graphic's contention that Mellon Bank's failure to pay worker's compensation benefits to Celesta Schultz precludes Mellon Bank's assertion of this statutory defense, this Court finds that Mellon Bank has complied with the Act by carrying worker's compensation insurance and is therefore entitled to assert this section of the Act as a defense to its joinder.

For all of the foregoing reasons, Mellon Bank's motion to dismiss will be granted. All other contentions of the parties have been considered and are found to be without merit. The foregoing shall constitute findings of fact and conclusions of law. An appropriate order will issue.