434 A.2d 798

**Gerald T. LEONARD**

**v.**

**HARRIS CORPORATION and Hudson Machinery Company, Inc. and Bernard Rothman and Canterbury-Perfect Press, Inc. and James Cunningham and C & P Lithographic Service & Supply Company and Lumbermen's Mutual Casualty Company.**

**Appeal of HARRIS CORPORATION.**

Superior Court of Pennsylvania.

Argued May 26, 1981.

Filed Sept. 11, 1981.

Petition for Allowance of Appeal Denied Dec. 21, 1981.

Frank J. Eisenhart, Jr., Philadelphia, for appellant.

Joan Saltzman, Philadelphia, for Leonard, appellee.

Peter S. Miller, Philadelphia, for Hudson, appellee.

Austin Hogan, Philadelphia, for Rothman, et al., appellees.

George J. Guinta, Jr., Media, for Cunningham et al., appellees.

John C. McFadden, Philadelphia, for Lumbermen's, appellee.

Before WICKERSHAM, McEWEN and WIEAND, JJ.

WICKERSHAM, Judge:

On April 15, 1977, plaintiff-appellee, Gerald T. Leonard commenced this action in trespass and assumpsit against defendant-appellant, Harris Corporation (hereinafter Harris). Leonard alleged in his complaint that on August 17, 1976, while he was employed by T. J. Henry Associates, Inc. (hereinafter T. J. Henry), he injured himself by catching his foot in an offset printing press designed, manufactured, and sold by Harris. Leonard alleged that the accident occurred because of the defective condition of the press, the failure of Harris to provide proper instructions as to the cleaning and use of the press, and the lack of adequate warnings and safeguards on the press.

On August 16, 1978, Leonard and Harris stipulated through their respective counsel that Harris could join the following parties as additional defendants: Hudson Machinery Co., Inc., Bernard Rothman, Canterbury Press, Canterbury-Perfect Press, Inc., James Cunningham, C & P Lithographic Service & Supply Company, and Lumbermen's Mutual Casualty Company. On September 6, 1978, Harris filed a complaint against these additional defendants[1] seeking their contribution or indemnity. Harris averred in its complaint, *inter alia*, that Lumbermen's Mutual Casualty Company (hereinafter Lumbermen) issued an insurance policy to T. J. Henry, Leonard's employer, covering claims for workmen's compensation which was in force and effect on the

---

[1] Canterbury Press was not included as an additional defendant in Harris' complaint.

date of the accident. Harris alleged that although the insurance policy did not contractually obligate Lumbermen to undertake safety inspections of T. J. Henry's plant and machinery, Lumbermen did periodically conduct such inspections. According to Harris, if it were established that Leonard's injuries were caused by the defective condition of the press, inadequate warnings or safeguards, or the improper cleaning and use of the press, then Leonard's injuries were caused by Lumbermen's negligence in failing to discover and apprise T. J. Henry and its employees of these conditions during its safety inspections.

Three motions were presented to the Honorable Edward J. Bradley, President Judge of the Court of Common Pleas of Philadelphia County, for decision in this case. Two of these motions presented issues which were argued to this court on appeal,[2] and they are as follows. On October 3, 1978, the additional defendant, Lumbermen, filed preliminary objections to Harris' complaint asserting, *inter alia*, immunity under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1 *et seq.* (hereinafter the Act). The lower court sustained Lumbermen's preliminary objections and dismissed Harris' complaint on the grounds that Lumbermen, as the workmen's compensation insurance carrier for Leonard's employer, was improperly joined as a party in this action under section 303(b) of the Act.

The other motion was Harris' petition filed on November 2, 1978, for leave to join Leonard's employer, T. J. Henry, as an additional defendant pursuant to Pa.R.C.P. No. 2253. In its proposed complaint in trespass against T. J. Henry, Harris demanded a judgment determining that T. J. Henry has no subrogation right against Harris for any sums which the employer has been or may be required to pay Leonard as workmen's compensation. Leonard filed an answer opposing this joinder in which he alleged, *inter alia*, that T. J.

2. The third motion was made by the additional defendants, Bernard Rothman and Canterbury-Perfect Press, Inc., in the form of preliminary objections. These objections raised a jurisdictional question and were dismissed by the lower court.

Henry was immune from suit under section 303(b) of the Act. The lower court agreed with this allegation and denied Harris' petition for joinder.

Harris took this appeal from the lower court's order sustaining Lumbermen's preliminary objections to Harris' complaint and denying Harris' petition for leave to join T. J. Henry as an additional defendant. We will first discuss the issue of whether Harris' petition to join Leonard's employer as an additional defendant was properly denied.

Harris argues on appeal that the lower court erred in not allowing the joinder of T. J. Henry for the purpose of determining the employer's right to subrogation and Harris' right to a credit for the amounts paid to Leonard as workmen's compensation. Appellant urges this court to adopt the following rule:

(1) Joinder of the employer will be allowed for the sole purpose of having the trier of fact determine at trial whether the employer is solely or partially responsible for the plaintiff's injury, and the degree of any partial responsibility.

(2) If the employer is found to be wholly or partially responsible for the plaintiff's injury, his sole obligation to the plaintiff will be his obligation under the workmen's compensation laws, but he will forfeit any right of subrogation with respect to workmen's compensation payments. The employer will have no liability to any other defendant.

(3) If the employer is found to be wholly or partially responsible for the plaintiff's injury, the total verdict to be awarded to the plaintiff will be reduced to the extent of the employer's pro rata share. Other defendants will each be liable to the plaintiff for the full amount of the reduced verdict with their traditional rights of contribution against each other in the event any of them is called upon to pay more than his pro rata share.

(4) [I]f the employer is found not to be responsible for the plaintiff's injury, he retains his right of subrogation

and may exercise it with respect to any recovery by the plaintiff from the other defendants.

Brief for Appellant at 26–27.

Appellant contends that the above proposed rule would not conflict with section 303(b) of the Act, because it would in no instance subject an employer or his insurance carrier to any liability to a third party for damages, contribution, or indemnity. According to appellant, the above proposed rule is in complete harmony with the legislative scheme of limiting the employer's liability to his liability under the workmen's compensation laws and returning these compensation payments to him via subrogation when a third party's negligence, and not his own, causes injury to his employee. Section 303(b) of the Act provides:

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

Act of June 2, 1915, P.L. 736, art. III, § 303, *as amended by* Act of December 5, 1974, P.L. 782, No. 263, § 6, 77 P.S. § 481(b) (Supp. 1981–82).

In *Arnold v. Borbonus*, 257 Pa.Super. 110, 390 A.2d 271 (1978), this court decided the issue of whether section 303(b) of the Act bars the joinder of a plaintiff's employer as an additional defendant for the purpose of determining the employer's right to subrogation and the third party's right to credit for the amounts paid to the employee as workmen's compensation. In *Arnold*, plaintiff, Robert Arnold, was

injured while performing excavation work within the scope and course of his employment. He and his wife brought an action in trespass against third parties, including Texas Eastern Transmission Corporation (hereinafter Texas), which, in turn, joined the plaintiff's employer, Ramaley Brothers, as an additional defendant. Texas asserted in its complaint against Ramaley Brothers that the employer was negligent in conducting the excavation work and that, if and to the extent Texas may be adjudged liable to the plaintiffs, the court should give Texas credit in the amount of workmen's compensation benefits paid by Ramaley Brothers. Ramaley Brothers filed preliminary objections in the nature of a demurrer in which it stated that section 303(b) of the Act barred Texas' third party complaint. The lower court sustained the employer's preliminary objections and dismissed Ramaley Brothers from the action.

On appeal to this court, Texas argued that section 303(b) does not bar the joinder of the employer for determining the employer's entitlement to subrogation to the rights of the employee against a third party. We held that the December 5, 1974 amendment to the Act "manifests a broad legislative intent to bar the joinder of an employer as an additional defendant", *Id.*, 257 Pa.Super. at 114, 390 A.2d at 273 (footnote omitted), and, therefore, we concluded that the lower court properly sustained the employer's preliminary objections. We relied on an earlier decision by this court in which we had held that the 1974 amendment grants the employer immunity from suit and bars its joinder as an additional defendant in an employee's action against a third party.

In *Hefferin v. Stempkowski,* 247 Pa.Super. 366, 372 A.2d 869 (1977), our Court considered and rejected the identical contention. After reviewing the legislative history of the 1974 amendment to § 303(b), we concluded that 'the intention of the [1974] amendments to Section 303 was to grant the employer total immunity from third-party action .... By this amendment the Legislature made the Pennsylvania Workmen's Compensation Act a complete

substitute for, not a supplement to, common law tort actions.' Supra, 247 Pa.Super. at 368, 372 A.2d at 871. *Id.*, 257 Pa.Super. at 113–114, 390 A.2d at 272 (footnote omitted).

In *Arnold*, we also reaffirmed our statement in *Hefferin* that section 303(b) does not alter the employer's right to subrogation in an appropriate case and forum. *Id.*, 257 Pa.Super. at 114 n.7, 390 A.2d at 273 n.7.

For the reasons stated in *Arnold v. Borbonus, supra,* we hold that the lower court in the instant case properly denied Harris' petition to join Leonard's employer, T. J. Henry, as an additional defendant.[3] In *Bell v. Koppers Co., Inc.*, 481 Pa. 454, 392 A.2d 1380 (1978), the supreme court held that section 303(b) of the Act, as amended in 1974, does not apply to injuries which occurred prior to February 5, 1975, the effective date of the 1974 amendment. In so holding, the court made the following statements in dicta which supports our decision today:

**3.** Appellant cites *Lipari v. Niagara Mach. & Tool Works,* 87 F.R.D. 730 (W.D.Pa.1980), *aff'd per curiam,* 661 F.2d 914 (3rd Cir. 1981), where joinder of an employer as an involuntary plaintiff was allowed under F.R.C.P. 17 for the purpose of determining the employer's right to subrogation. In view of this court's holding in *Arnold v. Borbonus,* 257 Pa.Super. 110, 390 A.2d 271 (1978), which is not discussed in the opinion in *Lipari,* we do not find *Lipari* controlling here. Appellant also cites two cases in which courts permitted the joinder of an employer as a party in a case for the purpose of determining the percentage of pro rata causal negligence among the parties pursuant to the Pennsylvania Comparative Negligence Act, 42 Pa. C.S. § 7102. *Sheldon v. West Bend Equipment Corp.,* 502 F.Supp. 256 (W.D.Pa.1980); *Yeagley v. Metropolitan Edison Co.,* 16 D. & C.3d 681 (1980). As appellant admits in its appellate brief, comparative negligence is not applicable in this case because the accident occurred in 1976 prior to the passage of that act in 1978. We conclude, therefore, that the rationale in those decisions is not applicable to the instant case. We also note that there is a line of cases which have found that the joinder of an employer to determine his percentage of negligence is barred by section 303(b) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, art. III, § 303, *as amended by* Act of December 5, 1974, P.L. 782, No. 263, § 6, 77 P.S. § 481(b) (Supp. 1981–82). *E. g., Dech v. Rouselle Corp.,* 512 F.Supp. 1024 (E.D.Pa.1981); *Hamme v. Dreis & Krump Mfg. Co.,* 512 F.Supp. 944 (M.D.Pa.1981); *Schultz v. Bell & Howell Co.,* 512 F.Supp. 558 (W.D.Pa.1981).

Section 303(b) of the Workmen's Compensation Act more than alters, it obliterates, a cause of action. Prior to this amendment, the third party defendant was able to join the employer and present evidence to a jury concerning the employer's negligence. This evidence might exonerate the third party from all liability by proving the employer's negligence alone had caused the injury or it might result in a determination that the employer and third party were jointly liable. However, the enactment of Section 303(b) has foreclosed the adjudication of the liability of the employer. *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977).

*Id.*, 481 Pa. at 458, 392 A.2d at 1382. *See also Tsarnas v. Jones & Laughlin Steel Corp.*, 488 Pa. 513, 412 A.2d 1094 (1980); *Gallagher v. Transport Pool Co.*, 281 Pa.Super. 188, 421 A.2d 1212 (1980).

█ Harris next argues on appeal that the lower court erred in sustaining Lumbermen's preliminary objections and dismissing Harris' complaint. In its complaint, Harris alleged that Lumbermen gratuitously and negligently conducted safety inspections of T. J. Henry's plant and machinery, and that these inspections were not required under Lumbermen's insurance policy with T. J. Henry. Harris contends that Lumbermen should not enjoy any immunity under the Act for these gratuitous and negligent inspections, but should be made a party to this suit liable for contribution or indemnity pursuant to traditional common law principles.

We hold that Lumbermen was properly dismissed from this suit pursuant to section 303(b) of the Act which specifically states that "the employer, his *insurance carrier* . . . shall not be liable to a third party for damages, contribution or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract . . . ." (Emphasis added). No contract providing for such liability existed in this case.

Harris contends that Lumbermen should be held liable for contribution or indemnity pursuant to the Pennsylvania Supreme Court decision in *Tropiano v. Travelers Insurance Company*, 455 Pa. 360, 319 A.2d 426 (1974). In *Tropiano*, the issue was whether an insurance carrier is liable in trespass to an employee for injuries allegedly caused by the insurer's negligence in supplying medical services in the treatment and care of an injury previously sustained by the employee in the course of his employment. The court held that the insurance carrier is not immune from common law liability for such injuries under the Act, because these injuries did not arise during the course of the employee's employment. On the contrary, the injuries arose from the insurer's negligence in providing medical treatment subsequent to and independent of the original injury sustained at work.

We are of the opinion that acts of negligence arising out of medical treatment directed and controlled by the insurance carrier should not be classified as occurring during the course of employment. The medical treatment of injuries is a separate and distinct function of the insurance carrier which does not concern the employer and is not part of the employer's business operations. The alleged acts of negligence in this case were committed by the insurance carrier subsequent to and independent of the original injury and with no involvement of the employer whatsoever.

*Id.*, 455 Pa. at 363, 319 A.2d at 427.

Harris argues that the injuries in the instant case, like the employee's injuries in *Tropiano*, should not be classified as occurring during the course of Leonard's employment and Lumbermen should, consequently, be held subject to common law liability. We disagree.

Leonard alleged in his complaint that he sustained his injuries while working on August 17, 1976. There was no allegation that he sustained any additional injuries. Furthermore, according to Harris' complaint against Lumbermen, the safety inspections in question were conducted by Lumbermen before August 17, 1976, so that the alleged acts

of negligence in this case were committed prior to and allegedly resulted in Leonard's injuries at work. We also find that an insurance carrier's safety inspections of an employer's premises are intimately concerned with the employer's business operations. See *Jadosh v. Goeringer*, 442 Pa. 451, 275 A.2d 58 (1971); *see generally DeJesus v. Liberty Mutual Insurance Company*, 439 Pa. 180, 268 A.2d 924 (1970); *see also Brown v. Travelers Insurance Company*, 434 Pa. 507, 254 A.2d 27 (1969). For the above reasons, we conclude that Leonard's injuries did occur during the course of employment so that Lumbermen is barred from common law liability by the Act.

In *Jadosh v. Goeringer, supra*, the Pennsylvania Supreme Court held that where the insurance carrier makes periodic safety inspections of the employer's premises pursuant to the terms of the insurance policies, the insurance carrier is acting as an insurer and is, therefore, entitled to all of the employer's immunity under the Act.[4] We believe that this decision, rather than the court's decision in *Tropiano*, provides guidance in the instant case. The employee in *Jadosh* argued that the insurance carrier should be subject to tort liability because the carrier was an independent contractor hired to inspect the safety aspects of the employer's machinery. The supreme court dispensed with this argument by stating:

> PMA [insurance carrier] did not just 'happen to be' acting as safety adviser to Bertels [employer]. It was advising on safety solely because of its role as the employer's insurer. The appellant's brief admits that PMA assumed the duty of making investigations of Bertels' premises

4. In *Jadosh v. Goeringer*, 442 Pa. 451, 275 A.2d 58 (1971), the supreme court based its decision on section 305 of the Act, *as amended by* Act of January 25, 1966, P.L. (1965) 1552, § 1, providing: " 'Such insurer shall assume the employer's liability hereunder and shall be entitled to all of the employer's immunities and protection hereunder * * *.' " *Id.*, 442 Pa. at 456, 275 A.2d at 61. Section 305 has subsequently been amended but the language quoted above remains the same. 77 P.S. § 501 (Supp. 1981–82).

pursuant to the terms of the insurance policies between it and Bertels.

*Id.,* 442 Pa. at 456, 275 A.2d at 61.

We find that the court's reasoning in *Jadosh* is applicable here and that Lumbermen, although not required to do so by the insurance policy, "was advising on safety solely because of its role as the employer's insurer." *Id.*

We note that there are strong policy considerations for concluding that the legislature intended that Lumbermen be barred from common law liability in the instant case. These considerations have been fully articulated by our supreme court in *Brown v. Travelers Insurance Company, supra* :

> [W]e do not think that the legislature intended to place insurance carriers in such a position that they would be forced to abandon these safety programs. Today many insurance carriers undertake such safety programs in the factories and business places of employers whom they insure. Admittedly, these programs are not motivated by an altruistic feeling toward workers, since it is to the financial advantage of the insurance carrier to reduce accidents and safety programs reduce accidents. Nevertheless, although the insurance carriers are attempting to save money, the safety programs they institute directly benefit the workers. Under the appellant's position, if an insurance carrier is negligent in instituting a safety program, it is liable to an employee who is injured as a result. Since the insurance carrier is not required by law to carry on these safety programs, the end result of the appellant's argument seems assured—insurance carriers will specifically absolve themselves from undertaking such safety programs. Again, we cannot conclude that the legislature intended this result.

*Id.* 434 Pa. at 515, 254 A.2d at 30.

Harris' final argument is that we should remand the case to the lower court to permit Harris to amend its complaint against Lumbermen in order to make clear that Harris does

not seek any money damages from the carrier.[5]  In its amended complaint, Harris would seek a determination of Lumbermen's responsibility for Leonard's injury so that the total liability of all parties for Leonard's injury could properly be apportioned.  "The right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully."  *Otto v. American Mut. Ins. Co.*, 482 Pa. 202, 205, 393 A.2d 450, 451 (1978) (*per curiam*) (citations omitted).  We conclude that, even if the amendment requested by appellant were permitted, appellant's suit against Lumbermen would still be barred by the Act.  We rely upon the reasons stated above in reaching our holding that Leonard's employer cannot be joined as an additional defendant under the Act.

Order affirmed.

McEWEN, J., files a dissenting opinion.

McEWEN, Judge, dissenting:

I dissent from the holding that the 1974 Amendment to § 303(b) of the Pennsylvania Workmen's Compensation Act,[1]

---

**5.** It appears that appellant has waived its right to amend the complaint.  Appellant made no effort to amend the complaint "as of course within ten (10) days after service of a copy of preliminary objections," Pa.R.C.P. No. 1028(c), nor did appellant ask the lower court for leave to amend, Pa.R.C.P. No. 1033.  *Eastgate Ent., Inc. v. Bank & Trust Co. of Old York Rd.*, 236 Pa.Super. 503, 510, 345 A.2d 279, 282 (1975).  Finally, appellant does not raise the lack of opportunity to amend on this appeal, *Robinson v. Tool-o-matic, Inc.*, 216 Pa.Super. 258, 260–262, 263 A.2d 914, 916 (1970).  We, however, considered whether its complaint was curable by amendment in view of the Pennsylvania Supreme Court's decision in *Otto v. American Mut. Ins. Co.*, 482 Pa. 202, 393 A.2d 450 (1978) (*per curiam*), *reversing*, 241 Pa.Super. 423, 361 A.2d 815 (1976).  In *Otto*, the supreme court permitted amendment of a complaint where it was argued that there was no opportunity to cure defects in the complaint, because the lower court dismissed the complaint outright when it sustained the preliminary objections.  *See also Behrend v. Yellow Cab Company*, 441 Pa. 105, 110, 271 A.2d 241, 243 (1970).

**1.** Act of June 2, 1915, P.L. 736, art. III, § 303 *as amended*, Act of December 5, 1974, P.L. 782, No. 263, § 6, 77 P.S. § 481(b) (Supp. 1981–82).

precludes the joinder of T. J. Henry, the employer of the plaintiff. I otherwise join in the majority opinion.

Section 303(b), as amended in 1974, provides:

"In the event injury or death to an employee is caused by a third party, then such employee ... may bring [an] action at law against such third party, but the employer ... shall not be liable to a third party for damages, contribution or indemnity in any action at law...." [2]

The 1974 Amendment does *not* state that an employer may not be joined as an additional defendant. Whatever the legislative history may indicate the legislature intended to provide, the language of the enactment itself is clear. While it may be true that the function of this Court is to determine the intent of the legislature when its enactments are challenged, I believe the performance of that function should be restricted to enactments that are unclear as well as challenged.

The inequities effected by precluding the joinder of the employer are several and considerable. Some propose that the employer assume the position of a party plaintiff to present its subrogation claim so that the recovery of the employer as a plaintiff is reduced in proportion to the assessment of the responsibility of the employer for the occurrence. However, sure the rationale for this proposal and however well it may address a clearly inequitable situation, the fundamental issue in a trial of the claim of an injured plaintiff is the question of which parties are responsible and this question has considerably greater clarity when the employer is an additional defendant, whatever may be the restrictions placed upon recovery from that employer.

If a pause in the concern for principle permits consideration of the pragmatic, it is clear that the settlement of litigation is not enhanced by precluding joinder of the employer. Whatever compulsion an injured plaintiff and the parties defendant may feel for settlement, the subrogation

2. The Pennsylvania Workmen's Compensation Act, supra; 77 P.S. § 481(b).

carrier for the employer feels no such exertion, whatever the skills of the settlement judge.

I share what is, I acknowledge, the minority view and do so for all of the reasons already persuasively expressed by Judge Gwilym A. Price, Jr. in his dissent in *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977), *allocatur refused*; by Judge Edmund B. Spaeth, Jr. in his concurring and dissenting opinion in *Arnold v. Borbonus*, 257 Pa.Super. 110, 390 A.2d 271 (1978); and by Lebanon County Common Pleas Court President Judge G. Thomas Gates in *Yeagley v. Metropolitan Edison Co.*, 16 D. & C.3d 681, (C.P.Leb.Co., 1980).