## Noonkester v. Philadelphia Electric Company

*Donald E. Matusow,* for plaintiff.
*Perry S. Bechtle,* for defendant.

GAFNI, *J.,* January 19, 1983—Plaintiff, Ethyle Mae Noonkester, instituted a trespass action on April 6, 1982, against Philadelphia Electric Company (PECO) for damages arising from the death of her husband Michael Dean Noonkester. As stated in plaintiff's complaint, decedent was fatally injured on July 3, 1981, when he came into contact with an

underground electrical wire in an excavation site in Chester County. The accident occurred in the course of his employment with James McKenna, Inc., (McKenna), which was installing an underground pipe at the site.

PECO thereafter filed a complaint in trespass against five additional defendants, including decedent's employer. PECO's complaint alleges, inter alia, that it was not in any way negligent in this case and avers that, "if this accident was the result of the negligence of some person or entity other than the plaintiff/decedent and/or his employer, it was the result of the negligence of additional defendants, the Borough Malvern, Forge Builders, Inc., Lisbon Contractors, Inc., S.W.K. Architects and Engineers and/or James McKenna, Inc." (PECO's complaint, paragraph 3). Count V of PECO's complaint also alleges a cause of action against James McKenna, Inc., for the recovery of property damage suffered by it due to the alleged negligence of James McKenna, Inc., or its agents.

Two issues are currently before this court on the basis of plaintiff's preliminary objections to PECO's complaint. First, whether the Pennsylvania Workmen's Compensation Act § 303, 77 P.S. § 481, prohibits PECO from joining as an additional defendant, the decedent's employer, McKenna, Inc., when such joinder is attempted under the Pennsylvania Comparative Negligence Act, 42 Pa.C.S. § 7102. Second, whether this court should allow the employer to be joined for the purpose of determining PECO's claim for recovery of property damage. This court, for the reasons stated below, will strike paragraph 3 of the complaint as it relates to McKenna, Inc. However, the court concludes that Count V of the complaint is proper.

Pursuant to § 303 of the Pennsylvania Workmen's Compensation Act, the injured employee's exclusive remedy against his employer is under the act, and a common law action against the employer has been obliterated. Heckendorn v. Consolidated Rail Corp., 293 Pa. Super. 474, 439 A.2d 674, 675 (1981), affirmed, 505 Pa. 101, 465 A.2d 609 (1983); Arnold v. Borbonus, 257 Pa. Super. 110, 390 A.2d 271 (1978). The Superior Court has further held that:

"An employee may sue a third party whose conduct caused an injury; but neither the employee nor the third party may join an employer in such a suit." Gillespie v. Vencenie, 292 Pa. Super. 11, 436 A.2d 695, 698 (1981).

Pa.R.C.P. 2252(a) permits joinder, as additional defendants, solely of those who may be "liable." Since McKenna, Inc., as plaintiff's employer, cannot be liable, it is not subject to joinder as an additional defendant under Rule 2252(a) under paragraph 3 of PECO's complaint.

PECO further argues that the employer should be joined to determine the percentage of its negligence, if any, in causing injury to plaintiff. PECO contends that this determination is relevant because McKenna, Inc., as decedent's employer, has a potential right of subrogation under 77 P.S. § 67, which right will be directly affected by the adjudication in this case.

Although the Pennsylvania appellate courts have left ". . . for another day the issue as to whether the employer's right of subrogation nevertheless remains unimpaired," see Tsarnas v. Jones and Laughlin Steel Corp., 488 Pa. 513, 412 A.2d 1094 (1980), and Heckendorn, supra, the issue has been considered tangentially. It is this court's conclusion that prior statements in Pennsylvania appellate

court decisions reflect an unwillingness to allow the joinder of the employer, even for the limited purpose of establishing the extent of his subrogation interest.

In Hefferin v. Stempkowski, 247 Pa. Super. 366, 372 A.2d 869 (1977), President Judge Watkins stated that:

". . . the intention of the amendments to Section 303 was to grant the employer total immunity from third-party actions. To accomplish this, the legislature adopted the language of Section 5 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., where the employer is granted total immunity from third-party actions and *is also subrogated to the full extent of its workmen's compensation lien. This becomes a statutory right and it is not necessary for the employer to enter the action as an equitable plaintiff as is the case in some other jurisdictions.* (Emphasis added) 372 A.2d at 871.

In his concurring opinion, in Hefferin, Judge Van der Voort, again discussed the issue of subrogation, and stated:

"Does the employer have a right of subrogation against the third party, and if so, how is this to be determined? Since the employer can no longer be joined under the provisions of the Act, not only questions of procedure will arise, but also questions of collateral estoppel. Despite the shortcomings, I believe it is the intention of the Legislature to preclude the joining of the employer by an alleged third party tortfeasor. Hence, I concur in the result of the Majority Opinion." Id. at 872.

Judge Van der Voort recognized the problems resulting from the denial of joinder of the employer to determine a subrogation right. Nonetheless, he believed that the refusal to allow joinder was consist-

ent with the statutory framework. Later, in Arnold v. Borbonus, supra, the majority, per Judge Hoffman, quoted Judge Van der Voort's statement above from Hefferin, and agreed that § 303(b) manifests a broad legislative intent to preclude the joining of the employer. 390 A.2d at 273.

Recently in Leonard v. Harris Corp., 290 Pa. Super. 370, 434 A.2d 798 (1981), the Superior Court reaffirmed that "Section 303(b) does not alter the employer's right to subrogation *in an appropriate case and forum.*" (Emphasis added). 434 A.2d at 802. These final words again reflect the contemplation of the appellate courts that the issue of subrogation shall not be determined in the principal case against the third party.

The court notes that a petition for allowance of an appeal has been granted by the Supreme Court of Pennsylvania in Heckendorn, and, admittedly, its decision may warrant a conclusion different from that reached by the court presently. In the absence of such a ruling, however, this court must follow the interpretation indicated in the cases discussed above. See also Hamme v. Dries & Krump Manufacturing Co., no. 81-2174, Slip Op. (3d Cir. April 12, 1982). Thus far, our appellate courts have not allowed joinder for the purpose of apportioning damages under the Comparative Negligence Act or determining the employer's right to subrogation.[*]

PECO, however, may properly maintain its cause of action against McKenna, Inc., for property dam-

---

[*] See also Kelly v. The Carborundum Company, no. 262 Pittsburgh 1981 and no. 42 Pittsburgh 1982 (Pa. Superior Ct.) (Wieand, J.), filed November 30, 1982, where the court reaffirmed that an employer may not be joined as an additional defendant or as an involuntary plaintiff for the purpose of apportioning negligence under the Comparative Negligence Act.

age. The cause of action against the employer which is "obliterated" is one for damages, contribution or indemnity in the employee's cause of action. Section 303(b) creates a bar to recovering damages "[i]n the event [of] injury or death to an employe." The statute is silent regarding the employer's potential liability for a separate cause of action for property damage.

PECO has joined the four other captioned additional defendants in this property damage claim, which allegedly arises from the accident. Although PECO could maintain a separate suit against these defendants, this court believes that the interests of judicial economy militate in favor of combining the causes of action in one proceeding. See Pa.R.C.P. 213(a). Rule 2252(a) allows PECO, as the joining party to "join as an additional defendant . . . [one] who may be liable to the joining party on any cause of action which [it] may have against the joined party arising out of the transaction or occurrence . . . upon which the plaintiff's cause of action is based." Pa.R.C.P. 2252(a).

Plaintiff argues that PECO is attempting to subvert the principles supporting Section 303 by maintaining a cause of action for property damage. While it is true that joinder may bring the employer into the action as a party, this court's ruling, limiting its participation, is consistent with our procedural rules and not barred by the Workmen's Compensation Act. Moreover, plaintiff claims that allowing joinder would result in undue prejudice to her case. This court, at the preliminary objection stage, cannot determine whether such prejudice will result from the joinder of these causes of action. Under Rule 213(b), however the trial court may order a separate trial of any cause of action to avoid prejudice. The trial judge in this action will have the power to avoid

prejudice by ordering disposition of plaintiff's cause of action prior to a determination of the merits of PECO's claim.

An appropriate order will be entered.

## ORDER

And now, this January 19, 1983, after consideration of plaintiff's preliminary objection and defendant's Philadelphia Electric Company, answers thereto, it is here ordered that:

(1) Plaintiff's preliminary objection to paragraph 3 of defendant's complaint is granted and that paragraph is stricken as it relates to James McKenna, Inc.; and

(2) Plaintiff's preliminary objection to joinder of James McKenna, Inc. under Count V of defendant's complaint is denied.