456 A.2d 1021

**WILLIAM HARTER AND CLEAVER BROOKS, A DIVISION OF AQUA–CHEM, INC., Appellants,**

v.

**Miriam A. YEAGLEY, Executrix of the Estate of Frederick A. Yeagley, Deceased, and Metropolitan Edison Company, a Corporation, And the Unit Crane and Shovel Corporation, A Corporation.**

Superior Court of Pennsylvania.

Argued Nov. 17, 1981.

Filed Feb. 18, 1983.

Petition for Allowance of Appeal Denied Dec. 12, 1983 & Jan. 16, 1984.

R. Burke McLemore, Jr., Harrisburg, for appellants.

Robert I. Cottom, Reading, for Yeagley and Metropolitan, appellees.

Christian S. Erb, Jr., Harrisburg, for The Unit Crane and Shovel, appellee.

Before CERCONE, President Judge, and McEWEN and HOFFMAN, JJ.

CERCONE, President Judge:

Appellee, Miriam A. Yeagley (hereinafter Yeagley), plaintiff below, brought an action in trespass and assumpsit for injuries to, and the death of, Frederick A. Yeagley, her husband. Yeagley alleges that her husband's death occurred while he was assisting a crane operator in moving metal boiler shells. It is asserted that the metal outrigger of the crane came into contact with an overhead high voltage transmission line owned by Metropolitan Edison Company (hereinafter Met Ed), which caused Frederick A. Yeagley to be electrocuted. Yeagley, Executrix of the Estate of Frederick A. Yeagley, deceased, instituted suit against Met Ed and the Unit Crane and Shovel Corporation on various theories of negligence, strict liability and breach of warranty.[1]

Met Ed filed a complaint on various theories of liability joining as additional defendants, William Harter (Harter), co-employee of decedent who was operating the crane at the

---

1. Also submitted for our consideration was the *amicus curiae* brief of the Pennsylvania Trial Lawyers Association.

time of the unfortunate occurrence, and Cleaver-Brooks, a division of Aqua-Chem, Inc., the employer of the decedent.

The additional defendants filed preliminary objections in the nature of a demurrer to Met Ed's complaint; they contended that their joinder as additional defendants was barred by the Pennsylvania Workmen's Compensation Act. Specifically, Cleaver-Brooks, decedent's employer, objected that its joinder, even for purposes of enabling a court and jury to affix the comparative negligence of all parties, was barred by § 303(b) of the Workmen's Compensation Act, Act of December 5, 1974, P.L. 782, No. 263 (77 P.S. 481(b)). Additional defendant, William Harter, objected to his joinder as co-employee of decedent Yeagley, both on the grounds of Section 303(b) of the Workmen's Compensation Act and Section 205, of the same Act, which was added August 24, 1963, P.L. 1175, No. 496 § 1 (77 P.S. § 72).

The lower court rejected the contentions of the additional defendants and dismissed their preliminary objections. While the court recognized that an employer may not be joined as a defendant by reason of the 1974 amendment to the Workmen's Compensation Act, it concluded that the employer and co-employee could be joined for the limited purpose of permitting the jury to determine the employer's percentage of liability, if any, under the Pennsylvania Comparative Negligence Act, Act of July 9, 1976, P.L. 586, No. 142, as amended, 42 Pa.C.S.A. § 7102.[2]

The lower court certified its interlocutory order as involving a controlling question of law to which there is substantial ground for difference of opinion and represented that an immediate appeal from its order may materially advance the ultimate termination of the matter. We entertained the appeal. 42 Pa.C.S.A. § 702(b); Pa.R.A.P., Rule 312.

Appellants in this case, the additional defendants Harter and Cleaver-Brooks, urge us to reverse the order of the lower court and to hold that an employer and/or co-employ-

---

2. No mention is made in the lower court's opinion of the joinder of co-employee, William Harter; however, his preliminary objections were also dismissed.

ee may not be joined as additional defendants even for the limited purpose of enabling the jury to determine the comparative negligence of all parties to the transaction. We agree and therefore, reverse and remand.

We are guided in our disposition of this case by *Heckendorn v. Consolidated Rail Corp.*, 293 Pa.Superior Ct. 474, 439 A.2d 674 (1981), application for permission to appeal to the Supreme Court granted, April 27, 1982. That case affirmed the lower court's denial of joinder of an employer as an additional defendant for purposes of ascertaining the employer's share of liability under the Comparative Negligence Act since Section 303 of the Workmen's Compensation Act provided for the employer's immunity from suit.

In *Heckendorn,* this Court reviewed Section 303 of the Workmen's Compensation Act and the interpretation given to it by relevant precedent.[3] Section 303 provides:

(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damage, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly pro-

---

**3.** "This section, it has been said, manifested a broad legislative intent to bar the joinder of an employer as an additional defendant." *Heckendorn* 293 Pa.Superior Ct. at 477, 439 A.2d at 675. *See* cases cited note 6 *infra.*

vided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

This Court held that the Workmen's Compensation Act precluded any and all causes of action against the employer where the injury was caused by a third party. We wrote:

> An employer's liability for an industrial accident is limited to an amount determined by the Workmen's Compensation Act. If he assumes that liability, there can be no cause of action against him for negligence; and he cannot be made a party to his employee's common law action for negligence against a third person.
>
> *Heckendorn, supra,* 293 Pa.Superior Ct. at 477, 439 A.2d at 675.

Additionally, in *Heckendorn,* the Court found that this principle of an employer's immunity was not affected by the enactment of the Comparative Negligence Act of 1978. In *Heckendorn* as in the instant case, the defendant seeking to join the employer argued that the Comparative Negligence Act impliedly repealed Section 303(b) of the Workmen's Compensation Act and allowed for joinder for the purposes of apportioning liability. The Comparative Negligence Act provides:

> (a) General rule.—In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.
>
> (b) Recovery against joint defendant; contribution.— Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of

causal negligence attributed to all defendants against whom recovery is allowed. The plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution.

A review of the second paragraph of the statute persuades us, as it did the *Heckendorn* Court, that recovery is allowed against more than one defendant in a ratio of the amount of his causal negligence to the amount of causal negligence *attributed to all defendants against whom recovery is allowed.* However, *Heckendorn* held that an employer is one against whom recovery can neither be sought nor allowed. "A cause of action against the employer has been obliterated." *Heckendorn* 293 Pa.Superior Ct. at 480, 439 A.2d at 678. See also *Ryden v. Johns-Manville Products,* 518 F.Supp. 311, 316 (W.D.Pa.1981) and *Hamme v. Dreis and Krump Mfg. Co.,* 716 F.2d 152 (3rd Cir.1982). Therefore, the Comparative Negligence Act does not permit joinder of an employer as an additional defendant, even for the limited purpose of apportioning liability.[4]

The *Heckendorn* case was relied upon by this Court in the *en banc* decision, *Kelly v. Carborundum,* 307 Pa.Superior Ct. 361, 453 A.2d 624 (1982). *Kelly* involved the identical issue of the attempted joinder of an employer both as an additional defendant and also as an involuntary plaintiff, for the sole purpose of apportioning liability under the Comparative Negligence Act. The lower court in *Kelly* refused to permit joinder of the employer by either procedure. This court affirmed the trial court's order.

Moreover, we direct the defendants and all who are of the opinion that such a resolution is unfair to non-employer defendants, to seek a change in the Workmen's Compensa-

---

4. See also, *Leonard v. Harris Corp.,* 290 Pa.Superior Ct. 370, 434 A.2d 798 (1981), wherein this court affirmed the lower court's denial of a manufacturer's petition to join the employer as an additional defendant on the basis of the Workmen's Compensation Act. This court noted the express language of the Act barring the employer from liability in any manner.

tion Act through the legislature, wherein such power properly lies.[5] As in *Kelly*, we are required to follow those cases which have held all causes of action against an employer to be obliterated, with the exception of workmen's compensation benefits.[6]

Finally, the lower court likewise dismissed the preliminary objections of co-employee, William Harter, under the same reasoning as it applied to the employer, that is, that both the Workmen's Compensation Act and the Comparative Negligence Act may be interpreted harmoniously to allow for joinder merely to reduce Met Ed's percentage share of causal negligence. The Workmen's Compensation Act provides in Section 205, added August 24, 1963, P.L. 1175, No. 496 § 1 (77 P.S. § 72):

> If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise, on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong.

5. For an analysis of a parallel, judicially created change in liability of employers, see *The Dual Capacity Doctrine: Piercing the Exclusive Remedy of Worker's Compensation*, 43 U.Pitt.L.Rev. 1013 (1982).

6. *Cf. Tsarnas v. Jones & Laughlin Steel Corp.*, 488 Pa. 513, 412 A.2d 1094 (1980) (Workmen's Compensation Act provision that third party whose negligence is responsible, in part, for injury suffered by employee protected by Act, may not, in suit brought by employee against him, join employer as additional defendant creates exception to general right to contribution from joint tort-feasors and prevents third party from otherwise seeking contribution or indemnity from employer, even though employer's own negligence may have been the primary cause of the injury); *Bell v. Koppers Co., Inc.*, 481 Pa. 454, 392 A.2d 1380 (1978) (Section 303 of Workmen's Compensation Act has 'obliterated' the common law cause of action against the employer and foreclosed the adjudication of liability on the part of the employer.) *Arnold v. Borbonus*, 257 Pa.Superior Ct. 110, 390 A.2d 271 (1978) (Section 303 of Workmen's Compensation Act manifested a broad legislative intent to bar joinder of an employer as an additional defendant); *Hefferin v. Stempkowski*, 247 Pa.Superior Ct. 366, 372 A.2d 869 (1977) (Workmen's Compensation Act bars joinder of employer as additional defendant in action by employee against third party.)

The second part of Section 303 of the Workmen's Compensation Act, referred to above, prohibits joinder of a fellow employee as well as of his employer in an action against a third party defendant. Thus, the rationale advanced on behalf of immunity from suit of the employer applies with equal force to immunity of a co-employee.[7]

For all of the above reasons, the order of the lower court is reversed. This case is remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.

McEWEN, J., files a dissenting statement.

McEWEN, Judge, dissenting:

I most respectfully dissent for all of the reasons that I have earlier expressed in a dissent to the majority opinion in the cases of *Leonard v. Harris Corp.*, 290 Pa.Super. 370, 434 A.2d 798 (1981), and *Kelly v. Carborundum*, 307 Pa.Super. 361, 453 A.2d 624 (1982).

---

7. See *Apple v. Reichert*, 443 Pa. 289, 278 A.2d 482 (1971) (Section 205 of Workmen's Compensation Act protects all co-employees in all situations where negligent conduct of one employee may cause injury to a fellow employee, provided only that the injury in question is one that is compensable under the Act.)