J-S51017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SEAN HARVEY | |
| Appellant | No. 3440 EDA 2013 |

Appeal from the PCRA Order November 22, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1300783-2006

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED SEPTEMBER 22, 2016**

Sean Harvey appeals from the order entered in the Court of Common Pleas of Philadelphia County denying his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. After careful review, we affirm.

In 2007 Harvey was convicted by a jury, the Honorable Renee Cardwell Hughes presiding, of first-degree murder for the death of 19-year-old Henry Snell, aggravated assault for injuries to Jeremiah Speakes, violation of the Uniform Firearms Act (VUFA), and possessing an instrument of crime. The murder victim, Snell, had killed Harvey's nephew, Wendell Porter, in connection with an ongoing string of gang violence, but Snell

_____

[*] Retired Senior Judge assigned to the Superior Court.

never faced charges in connection with Porter's death. Subsequently, Snell and a friend, Jeremiah Speakes, were leaving a barbershop, aware that Harvey and another individual had been circling the block. Snell and Speakes were unable to drive away because two of the tires on their vehicle had been deflated. Harvey approached the vehicle with a loaded gun and fired repeatedly, killing Snell and injuring Speakes.

The trial court summarized the facts as follows:

Two rival gangs, the Master Street Boys and the Lansdowne Avenue Boys, engaged in warfare on the streets of Philadelphia for many years. On March 10, 2005, Wendell Porter ("Peanut"), [Harvey's] nephew, shot Roger Anderson while he was riding in a car past Media Street with his cousin, David Kennedy ("Little Dave"). Tension between the rival gangs escalated. David Kennedy, Devon Skates and Henry Snell ("Little Henry" or "Boo Boo") went to talk to Porter on March 10, 2005[,] to "squash" the feud between the two gangs. While talking to Porter, Snell heard [Harvey] "on a chirp [the sound made by Nextel cell phones that include a walkie-talkie feature] telling Porter to shoot that ni**a." Snell saw the gun and shot first, killing Porter. A fully loaded handgun was found on his body. The next day two men shot at Kennedy's house. Snell was never apprehended for Wendell Porter's death.

On April 21, 2005, Jeremiah Speakes ("Q") drove home from college for the weekend. Speakes arrived in his West Philadelphia neighborhood around 3:00 pm and saw Snell on the corner of Redfield and Lansdowne Avenue. The two spoke and Snell accompanied Speakes to the barbershop at 55th and Poplar Avenue. While Speakes waited in line for his barber, Snell chose to have his hair cut by a different barber. Snell finished his haircut and borrowed Speakes' phone to call Cornell Drummond ("Nell"), his cousin. They spoke for about a minute. Snell asked Drummond to come pick him up because [Harvey] and Baker Green ("Bakir") were circling the block and looking for him to retaliate for Wendell Porter's death. Snell went back upstairs and told Speakes that he wanted to go back towards Lansdowne Avenue because someone was coming to the barbershop from

- 2 -

Master Street. Speakes agreed to leave. The two went out to Speakes' car parked on the corner of 55th and Poplar Streets. Snell got into the passenger side and while Speaks was entering the car he saw [Harvey] creeping up to the passenger side of the car. Speakes saw [Harvey] holding a gun, heard five or six shots, then saw Snell slump down in the seat. Speakes heard [Harvey] say to Snell, "I got you."

Police and medics responded to the scene. While the medics attended to Snell, police found Speakes in the barbershop and transported him to the hospital. Henry Snell died as a result of multiple gunshot wounds, while Speakes suffered multiple gunshot wounds to the legs.

Trial Court Opinion, 7/11/08, at 2-3 (citations and footnotes omitted).

Following his conviction, the court sentenced Harvey to life imprisonment for murder and to an aggregate concurrent term of imprisonment of 16 to 32 years on the remaining convictions. On direct appeal, this Court affirmed. *See Commonwealth v. Harvey*, No. 2427 EDA 2007 (Pa. Super., filed March 26, 2009) (unpublished memorandum). The Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Harvey*, 604 Pa. 704 (Pa. 2009). The United States Supreme Court denied Harvey's petition for certiorari. *Harvey v. Pennsylvania*, 562 U.S. 903 (2010).

Harvey filed a timely PCRA petition. The Commonwealth filed a motion to dismiss, and the Honorable Shelly Robins New dismissed the petition, without a hearing, on November 22, 2013.

Harvey filed a timely notice of appeal. He raises eleven claims of ineffectiveness of counsel, asserting he was denied "his rights under Article 1 § 9 [of] the Constitution of the Commonwealth of Pennsylvania and the

- 3 -

Sixth Amendment to the Constitution of the United States of America to effective assistance of counsel in that[:]

1. Trial counsel failed to object and ask for a mistrial related to testimony and argument by the prosecutor about the Anderson shooting when it was previously ruled that it was inadmissible;

2. Trial counsel failed to object and request a mistrial after admission of testimony and related argument by the prosecutor about the Skates shootings when it was previously ruled that it was inadmissible;

3. Trial counsel failed to object to testimony and related argument by the prosecutor about the shooting outside the Kennedy house when it was previously ruled that it was inadmissible;

4. Trial counsel failed to investigate, interview and effectively cross-examine and clarify prejudicially confusing testimony from Cornell Drummond;

5. Trial counsel failed to file a pretrial motion to suppress and to object to showing the jury/admission of Porter's gun and ammunition;

6. Trial counsel failed to object and preserve for appeal the court's ruling denying a *Kloiber* charge;

7. Trial counsel incorrectly advised Appellant that he should not testify on his own behalf because he could be impeached with prior arrests that did not result in convictions;

8. Trial counsel failed to object to the Commonwealth's assertion that Appellant "ran everything" on Master Street;

9. Trial counsel violated Appellant's rights under the Confrontation Clause when counsel stipulated to the testimony of a physician which was based on inaccurate information;

10. Trial counsel, without Appellant's permission, abandoned several meritorious claims on direct appeal;

11. The cumulative effect of the above-cited ineffectiveness of counsel prejudiced Appellant, denying him due process of law and a fair trial.

Our standard and scope of review for the denial of a PCRA petition is well settled:

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings. A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing.

*Commonwealth v. Smith*, 121 A.3d 1049, 1052 (Pa. Super. 2015) (citations and quotations omitted). Additionally,

[i]t is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*See Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted). Our courts use the *Strickland* actual prejudice test for

ineffectiveness claims, which requires a showing of a reasonable probability that the outcome of the proceeding would have been different but for counsel's constitutionally deficient performance. ***See Strickland v. Washington***, 466 U.S. 668, 694 (1984); ***see also Commonwealth v. Sepulveda***, 55 A.3d 1108 (Pa. 2012). "[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." ***Commonwealth v. Spotz***, 84 A.3d 294, 312 (Pa. 2014).

Following a thorough review of the parties' briefs, the relevant law and the certified record, we affirm based on the PCRA court opinion, authored by Judge Robins New. We direct the parties to attach a copy of that opinion in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/22/2016

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA   :    CP-51-CR1300783-2006

v.

CP-51-CR-1300783-2006 Comm. v. Harvey, Sean
Opinion

SEAN HARVEY

7364686981

OPINION OF THE COURT

FILED

NOV 2 2015

Post Trial Unit

Appellant, Sean Harvey appeals from this Court's denial of relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §9541, *et. seq.* On July 10, 2007, following a jury trial before the Hon. Renee Cardwell Hughes, Appellant was convicted of First Degree Murder, Aggravated Assault and related offenses. The charges involved the April 21, 2005, shootings of Henry Snell and Jeremiah Speaks. Henry Snell died of his injuries. Jeremiah Speaks survived. Subsequently Judge Hughes sentenced Appellant to life imprisonment for murder and imposed additional concurrent sentences for the other offenses.[1] The judgment of conviction was affirmed by the Superior Court docketed at 2427 EDA 2007. *Allocatur* was denied by the Supreme Court, docketed at 195 EAL 2009.

Subsequently, Appellant, through counsel filed a PCRA Petition. The matter initially was assigned to Judge Hughes. After Judge Hughes left the bench, the matter was assigned to this Court. In response, the Commonwealth filed a Motion to Dismiss. After reviewing the pleadings, the record and the law and after complying with all

---

[1] Specifically Appellant received concurrent sentences of ten (10) to twenty (20) years for Aggravated Assault; three and a half (3 ½) to seven (7) years for a firearms violation and two and a half (2 ½) to five (5) years for PIC. As noted above all sentences were deemed to run concurrently with the sentence for murder.

procedural rules, this Court denied the petition without a hearing. The instant timely appeal followed.

The facts as summarized by the trial court and by the Superior Court in the direct appeal demonstrated that the instant shooting was retaliatory and the killing was resulted from escalating gang activity involving two rival neighboring gangs, the Master Street Boys and the Lansdown Avenue Boys. Specifically, the facts as found by the jury were as follows: In March, 2005, Appellant's nephew, Wendell Porter, known as Peanut shot Roger Anderson. With Anderson was his cousin, known as Little Dave. On the following day, Little Dave and others including the instant decedent, Henry Snell, who had multiple nicknames including Boo Boo then went to talk to Peanut apparently in an attempt to deescalate the feud. The talks went poorly as Boo Boo ended up shooting and killing Peanut, who also was armed during these alleged peace talks. Evidence was introduced to show that Peanut was the initial aggressor and Boo Boo shot in self-defense.

Violence between the gangs escalated. The next day shots were fired at Little Dave's house. Evidence was presented to show that Appellant was highly placed in the Master Street gang and was "looking for Boo Boo."

About five weeks later, on April 21, 2005, the other instant shooting victim, Jeremiah Speaks, known as Q returned home from college and saw Boo Boo on the street corner. They spoke and went to a barber shop. After Boo Boo finished, he called his cousin asking for a ride because Appellant and others were circling the block looking for him. Eventually Q and Boo Boo walked to Q's car. Boo Boo got in. As Q was entering the car, he saw Appellant holding a gun. He heard five or six shots, saw Boo Boo

2

slumped down on the seat and heard Appellant say to Boo Boo, "I got you." Q who was shot in the leg survived. Boo Boo died.

Appellant's PCRA Petition alleged ten substantive[2] claims of ineffective assistance of counsel. As will be more fully set forth below, he is entitled to no appellate relief.

"Ineffective assistance of counsel is a mixed question of law and fact that we review *de novo*." United States v. Blaylock, 20 F.3d 1458, 1464-5 (1994). The United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 685 (1984), stated, "The Constitution guarantees a fair trial through the Due Process Clauses, but it defines the basic elements of a fair trial largely through the several provisions of the Sixth Amendment including the Counsel Clause." The Supreme Court also states, "That a person who happens to be a lawyer is present at trial alongside the accused, however, is not enough to satisfy the constitutional command. The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results. An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair." Id. Due to the reason above, the Supreme Court has acknowledged that the right to counsel is the right to effective counsel. Id. at 686. The law presumes that counsel was effective and, therefore Appellant has the burden to show that counsel was ineffective. Commonwealth v. Baker, 614 A.2d 663, 673 (Pa. 1993).

---

[2] In addition, the Petition also raises a "cumulative impact" claim. As no substantive claim was of arguable merit, we need not address the "cumulative impact" claim. See Commonwealth v. Koehler, 36 A.3d. 121, 161 (Pa. 2012).

The Strickland Court set out a test where a defendant would have to show that (1) his attorney's performance was unreasonable under prevailing professional standards and (2) that there is a reasonable probability that but for counsel's unprofessional errors; the result would have been different. Strickland v. Washington, at 687-90. In reviewing the PCRA, the Pennsylvania Supreme Court, in Commonwealth v. Douglas, 645 A.2d 226, 230 (Pa. 1994), stated, "To prevail on such a claim, Appellant must demonstrate that (1) the underlying claim is of arguable merit; (2) counsel's course of conduct was without a reasonable basis designed to effectuate his interest; and (3) that he was prejudiced by counsel's ineffectiveness." To show prejudice defendant must establish that, but for counsel's errors, the outcome of the trial would have been different. Commonwealth v. Bond, 819 A.2d 33, (Pa. 2002). Appellant's failure to satisfy all the prongs of the test should result in the dismissal of the ineffective counsel claim. Commonwealth v. Fulton, 876 A.2d 342, (Pa. 2003).

To be entitled to an evidentiary hearing on a claim of ineffectiveness, a defendant must "set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude ... counsel may have, in fact, been ineffective." Commonwealth v. Priovolos, 715 A.2d 420, 422 (Pa. 1998) (quoting Commonwealth v. Pettus, 424 A.2d 1332, 1335 (Pa. 1981)). As the facts present no basis for ineffectiveness, no hearing was necessary.

Appellant's first few claims allege ineffective assistance of trial counsel for failing to object to various portions of testimony. Specifically, his first three claims concern the failure to object to brief references in the prosecutor's opening statement and

4

in the testimony to the shooting of Roger Anderson and Devon Skates as well as to the shooting of David Kennedy's home.

In this case evidence of the killing of Anderson was necessary, as it was the initial act which was part of the sequence of events that formed the history of the case. It motivated the unsuccessful meeting between Boo Boo and Peanut which resulted in Peanut's, which motivated the instant shooting.

Similarly, evidence of the shooting of Skates, which came from Rachel Snell, also was relevant. This shooting occurred after the shooting of Peanut and before the instant shooting. It involved members of the rival gangs, again was part of the chain of events, and it put Appellant in the chain of events.

Similarly, evidence of the shooting at Kennedy's home, which occurred a day after the shooting of Peanut, again involved members of the rival gangs and was part of the chain of events leading to the instant shooting. Indeed it was the initial strike after the unsuccessful meeting in which Anderson participated that resulted in Peanut's death.

First, concerning the shooting of Anderson, upon review of the record, it was clear to this Court that that the use of this evidence did not identify Appellant as being involved in the shooting of Anderson and was not exploited by the prosecutor. Moreover, it was relevant and admissible. See Commonwealth v. Drumheller, 808 A.2d. 983 (Pa. 2002); Pa.R.Evid. 404 (b) (2).

Similarly, the prosecutor's reference in his opening and the testimony concerning the shooting of Skates was brief and clearly was not exploited by the prosecutor. The prosecutor discussed the shooting in his opening, as he reasonable expected Skates to testify at trial. Skates did not appear and the prosecutor made no mention of the Skates

5

shooting in his closing. The only reference to the Skates shooting was a brief reference in the testimony of Rachel Snell, whose testimony primarily provided evidence in which the jury could conclude that Boo Boo shot Peanut in self-defense. However, her brief reference in her testimony to the Skates shooting also was relevant and admissible for the reasons set forth above.

Similarly, the prosecutor's reference in his opening and the testimony concerning the shooting of Anderson's house was brief and clearly was not exploited by the prosecutor. Again, for the reasons set forth above, this testimony was relevant and admissible.

In addition, in order to avoid any possible prejudice Judge Hughes gave a detailed cautionary instruction concerning the limited use of all of this evidence and specifically instructed the jury that it may not infer Appellant's guilt from the use of that evidence. See N.T. 7/9/07, 118-119. Accordingly, this claim is baseless.

Next, Appellant alleges ineffective assistance of counsel claiming that counsel should have confronted witness, Cornell Drummond, with a letter purportedly written by Drummond disavowing his police statement. We are at a loss to understand the claim as Appellant failed to produce such letter in his PCRA Petition. Moreover, even assuming such a letter did exist, we are at a loss to understand this claim as Drummond disavowed the statement in his trial testimony. Accordingly, this Claim, too is baseless.

In a related claim, Appellant alleges ineffective assistance of counsel for failing to object to portions of Drummond's police statement. After Drummond disavowed his police statement which inculpated Appellant, the police detective to whom the statement was given testified as to the circumstances under which the statement was taken and read

6

the statement to the jury. Clearly this was permissible pursuant to <u>Commonwealth v. Brady</u>, 507 A.2d. 66 (Pa. 1986) and <u>Commonwealth v. Lively</u>, 464 A.2d. 7 (Pa. 1992), and their progeny. Appellant's specific claim is that counsel should have objected to a portion of the statement in which Drummond stated that Appellant and another "run everything at 60th and Market." As discussed above, that portion of the statement was relevant and admissible. It placed Appellant in the gang hierarchy and gave further context as to the motive for the instant shooting. Appellant claims that the Commonwealth failed to demonstrate that the recanting witness had a basis upon which he could have concluded that Appellant "ran" the corner. We have reviewed the record, which established the witness' knowledge of the players. That knowledge provided an adequate basis for reaching the conclusion that Appellant was a major player in the Master Street gang. Accordingly, had any objection been made, it would have been overruled. Accordingly, this claim, too is baseless.

Next, Appellant alleges ineffective assistance of counsel for failing to seek preclusion of all evidence of the shooting of Peanut. As discussed above, the testimony was relevant and admissible. Accordingly the claim is baseless. Moreover, the claim was raised and rejected in the direct appeal. Accordingly it also was previously litigated and not the cognizable under the PCRA.

Appellant's next claim concerns the testimony of Jeremiah Speaks, who did not identify Appellant when he first had contact with the police. During trial, counsel sought a *Kloiber* charge based upon the failure to identify. That request was denied. Appellant now alleges ineffective assistance of counsel for failing to preserve that claim for appeal. It is obvious why counsel chose not to preserve this issue as there was no reason to give a

7

*Kloiber* charge. As the trial court fully explained on the record, a *Kloiber* charge was inappropriate because Speak's failure to identify was the product of fear, not an inability to identify. See N.T. 7/9/07 47-48. Accordingly, this claim, too fails.

Next, counsel alleges ineffective assistance of assistance of counsel for failing to present Appellant as a witness to present alibi testimony. No ineffective assistance occurred here, as the decision not to testify was made on the record by defendant after a colloquy. See N.T. 7/9/07, 44, "I made the decision." Appellant's mere assertion, in an affidavit years later that he did so because counsel said that he was not going to put Appellant on the stand is belied by his sworn trial testimony. Moreover, he was in no way prejudiced by failing to testify to his alibi as counsel presented two independent alibi witness. The mere fact that the jury, by its verdict, rejected that alibi testimony affords no basis for relief.

Next, Appellant alleges ineffective assistance of counsel because counsel stipulated to the authenticity and accuracy of his own medical records. Appellant concludes that this, somehow violated his constitutional right to confrontation. By way of background, after Appellant was arrested and before he was transported, he stabbed himself in the stomach. These medical records were the records of that treatment. The Commonwealth introduced evidence of this stabbing, along with other evidence including a changed appearance, multiple use of false names[3], and hiding to support their argument of consciousness of guilt.

Clearly evidence that this self-stabbing while awaiting transportation to the police district properly was admissible as evidence of consciousness of guilt. We are at a loss to understand, and Appellant has provided no compelling authority to demonstrate how

---

[3] If fact "Sean Harvey" appears to be a false name.

8

these medical records are "testimonial" thereby evoking the protections of the confrontation clause. We can conceive of no reason that the trial court would have excluded this evidence on this basis. Moreover, even if the trial court found, for some other reason these records to be inadmissible such as not being authentic or accurate or not being admissible "business records," the Commonwealth would have been permitted to introduce this evidence in some other way, such as calling the treating doctor, nurse or first responder. Therefore no prejudice occurred. Accordingly, this Claim, too is baseless.

Finally, Appellant, in an undeveloped claim faults counsel because he chose to pursue on appeal only four of the seven claims raised in his 1925(b) statement in the direct appeal. Significantly, Appellant makes no substantive claim, nor does he provide any legal analysis to demonstrate that any of the three discarded claims would have been successful. As such, he has fallen far short of his burden of pleading sufficient facts which, if proven would entitle him to PCRA relief. Accordingly, this claim too is baseless.

Accordingly as none of his claims were of arguable merit on its face, no hearing was necessary and no PCRA relief was due. For the reasons set forth above, the Order denying PCRA relief should be affirmed.

9

For the reasons set forth above, the Order denying PCRA relief should be affirmed.

BY THE COURT:

ROBINS NEW, J.