Keith **JOHNSON,** Appellant,

v.

**CITY OF PHILADELPHIA**
**and Erik Bullock.**

Commonwealth Court of Pennsylvania.

Argued March 11, 2002.

Decided Sept. 26, 2002.

Reargument Denied Nov. 18, 2002.

Wayne A. Ely, Philadelphia, for appellant.

Alan C. Ostrow, Philadelphia, for appellees.

President Judge COLINS, Judge COHN, Senior Judge McCLOSKEY.

OPINION BY Judge COHN.

Keith Johnson (Johnson) appeals from the order of the Philadelphia County Court of Common Pleas denying his post-trial motions. We vacate the trial court's order and remand for a new trial.

The relevant facts of the case are as follows. On July 28, 1997, Erik Bullock (Bullock), acting in his capacity as a police officer for the City of Philadelphia (City), broadsided Johnson's vehicle while responding to a police call for backup assistance. The lights and siren on Bullock's police car were turned on at the time of the accident. Johnson sustained numerous injuries. While at the emergency room, Johnson submitted to a blood test which indicated that he had used cocaine and morphine (and/or heroin) shortly before the accident.

The case proceeded to trial. During the jury charge, the trial judge instructed that to find the defendants liable, the jury must find that Bullock's conduct was reckless and that his recklessness was a substantial factor in causing the accident. Next, the trial judge instructed the jury that, as a matter of law, Johnson was driving under the influence of controlled substances, and that if he was unfit to drive a motor vehicle while under the influence of such controlled substances, the jury must find him negligent. The jury then was instructed to determine if Johnson's negligence was a substantial factor in bringing about his own injuries. Last, the trial judge instructed the jury that it could compare Bullock's liability with Johnson's liability in causing the accident. The trial judge stated:

If you find the defendant not negligent, reckless and you find the plaintiff was negligent or careless, you must apportion the relative degree between the recklessness of the defendant and the carelessness of the plaintiff, using your common sense and your experience to come to a fair and reasonable result. (Transcript, p. 71.)

After deliberation, the jury found that Bullock was driving recklessly, and that his recklessness was a substantial factor in bringing about Johnson's injuries. The jury also determined that Johnson sustained a permanent loss of bodily function as a result of the accident and awarded him $78,100.00 in damages. Finally, the jury determined that Johnson was 55% liable, and Bullock and the City were 45% liable. The City requested that the trial court mold the verdict to zero damages

based on Section 7102 of the Judicial Code, 42 Pa.C.S. § 7102, colloquially known as the Comparative Negligence Act. The trial court granted the motion. Johnson filed a motion for post-trial relief, which was denied by the trial court. This appeal followed.[1]

■ On appeal, Johnson argues that the trial court erred in instructing the jury on the standard that should be applied to Bullock's conduct. Essentially, Johnson argues that recklessness is not negligence under the emergency vehicle doctrine and, therefore, the Comparative Negligence Act is not applicable. As a result, Johnson argues, the trial judge erred in instructing the jury to consider his comparative negligence when she instructed the jury that Johnson could only recover if Bullock's conduct was reckless.

■ In reviewing whether a trial court gave an erroneous jury instruction, we note that "[t]he primary duty of a trial judge in instructing a jury is to clarify the issues so that the jury is able to comprehend the question they are to decide." *Chicchi v. Southeastern Pennsylvania Transportation Authority*, 727 A.2d 604, 609 (Pa.Cmwlth.1999), *petition for allowance of appeal denied*, 560 Pa. 750, 747 A.2d 371 (1999). Where the jury instruction fairly and accurately apprises the jury of the relevant law, a new trial is not warranted. *Id.* A jury instruction, when considered in its entirety, must be not only erroneous but also prejudicial to the complaining party to constitute reversible error. *Id.* In the instant case, the trial court instructed the jury on both the emergency vehicle doctrine, found in Section 3105 of

the Vehicle Code, 75 Pa.C.S. § 3105, and the Comparative Negligence Act.

The emergency vehicle doctrine provides in pertinent part:

(a) General rule.—The driver of an emergency vehicle, when responding to an emergency call or when in the pursuit of an actual or suspected violator of the law ... may exercise the privileges set forth in this section, but subject to the conditions stated in this section.

(b) Exercise of special privileges.—The driver of an emergency vehicle may:

(1) Park or stand, irrespective of the provisions of this part. ·

(2) Proceed past a red signal indication or stop sign, but only after slowing down as may be necessary for safe operation ...

(3) Exceed the maximum speed limits so long as the driver does not endanger life or property ...

(4) Disregard regulations governing direction of movement, overtaking vehicles or turning in specified directions.

(c) Audible and visual signals required.—The privileges granted in this section to an emergency vehicle shall apply only when the vehicle is making use of an audible signal and visual signals meeting the requirements and standards set forth in regulations adopted by the department.

* * *

(e) Exercise of care.—This section does not relieve the driver of an emergency vehicle from the **duty to drive with**

---

1. Our scope of review regarding a denial of post-trial motions is whether the trial court abused its discretion or committed an error of law. *City of Allentown v. MSG Associates, Inc.*, 747 A.2d 1275, 1277 n. 3 (Pa.Cmwlth.

2000), *petition for allowance of appeal granted in part*, 564 Pa. 138, 764 A.2d 1053 (2000), *appeal dismissed*, 565 Pa. 174, 772 A.2d 413 (2001).

*due regard* for the safety of all persons. . . .

75 Pa.C.S. § 3105.

The Comparative Negligence Act provides in pertinent part:

(a) General rule.—In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

42 Pa.C.S. § 7102(a).

In addressing Johnson's argument, we must first determine the exact nature of the standard of care for drivers of emergency vehicles. Johnson relies on *Krivijanski v. Union Railroad Co.*, 357 Pa.Super. 196, 515 A.2d 933 (1986), in which our Superior Court defined recklessness as "wanton and willful misconduct." The court in that case concluded that comparative negligence does not apply where the tort feasor's action is wanton and willful misconduct. *Id.* at 936. The court went on to state that wanton conduct is "something different from negligence, . . . not merely in degree but in kind and evincing a different state of mind on the part of the tort feasor." *Id.* (citations omitted). While this case is instructive in defining recklessness, the facts revolve around the duty of a landowner to a trespasser and it does not discuss the standard of care for drivers of emergency vehicles.

Defendants, on the other hand, rely on *Junk v. East End Fire Department*, 262 Pa.Super. 473, 396 A.2d 1269 (1978). In that case, the Superior Court held that in an emergency situation, negligence of a driver of an emergency vehicle constituted recklessness. *Id.* at 1273. Under this definition, Defendants assert that the Comparative Negligence Act would apply because recklessness is defined as a form of negligence. However, a revealing footnote in *Junk* states that the case was being decided under the 1959 version of the Vehicle Code (1959 Code) and notes, in passing, the changes to the duty of care implemented in the 1976 version of the Vehicle Code (1976 Code), which is the version applicable in the present case. *Id.* at 1273–74, n. 2. Consequently, *Junk* is not dispositive of the standard of care for drivers of emergency vehicles because it does not address the standard of care under the 1976 Code.

The 1959 Code sets forth the duty of care for drivers of emergency vehicles as follows:

The traffic signal interpretations set forth in this section shall not apply to vehicles, *when operated with due regard for safety,* under the direction of the police, in the chase or apprehension of violators of the law or of persons charged with or suspected of any violation, nor to fire department or fire patrol vehicles when traveling in response to a fire alarm, nor to ambulances when traveling in emergencies. This exemption shall not, however, protect the operator of any such vehicle from the consequences of *a reckless disregard* of the safety of others.

Section 1028(d) of the Act of April 29, 1959, P.L. 58, *formerly* 75 P.S. § 1028(d) (emphasis added). In contrast, subsection (e) of the 1976 Code specifically sets forth the standard as a "duty to drive with the due regard of safety of all persons." Notably absent from the current statute is

the "reckless disregard" language of the 1959 Code.

The change in the language of the Vehicle Code concerning the standard of care was first tacitly acknowledged by our Superior Court in *Kuzmics v. Santiago,* 256 Pa.Super. 35, 389 A.2d 587 (1978). That case, too, was governed by the 1959 Code. However, the Court pointed out that with the enactment of the 1976 Code "the legislature has apparently increased the applicable standard of care for drivers of emergency vehicles by providing that they shall operate their vehicles with 'due regard for the safety of all persons,' and eliminating reference to the reckless disregard standard." *Id.* at 590. The Superior Court, in *Junk,*[2] also noted the change in the language of the statute:

> The Vehicle Code of 1976 further supports our holding that a plaintiff pursuing a claim under the emergency doctrine of the 1959 Code must prove more than simple negligence by the operator of an emergency vehicle. The new Code provides that the emergency doctrine 'does not relieve the driver of an emergency vehicle from the duty to drive with due regard for the safety of all persons.' The change in the language from the 1959 Code to the 1976 Code appears to signal an increase in the duty placed on operators of emergency vehicles, and a decrease in the burden placed on plaintiffs bringing actions pursuant to this section.

*Junk,* 396 A.2d at 1273–74 n. 2 (citations omitted). Based on our reading of the statute, the change in the standard of care for drivers of emergency vehicles from the 1959 Code to the 1976 Code, and the Superior Court's reasoning, which we find persuasive, that the standard of care requires an increased burden on drivers of emergency vehicles, and, consequently, a de-creased burden of proof for plaintiffs, we hold that the standard of care for a driver of an emergency vehicle is negligence under emergency circumstances.

Having determined the standard of care to be negligence under emergency circumstances, we now turn to the issue of whether the trial court erred in its instructions to the jury on the standard of care to be applied to Bullock's conduct and whether that conduct could be compared with Johnson's conduct pursuant to the Comparative Negligence Act. We agree with Johnson that the trial court erred in instructing the jury to compare his negligence with Bullock's recklessness.

Section 500 of the Restatement (Second) of Torts provides us with some direction on the difference between negligence and recklessness. It defines "reckless disregard" as follows:

> The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is *substantially greater* than that which is necessary to make his conduct negligent.

Restatement (Second) of Torts § 500 (1965). The Comment Section also reiterates this notion that recklessness constitutes a degree of conduct that is greater than negligence. "[Reckless conduct] must not only be unreasonable, . . . it must [also] involve a risk of harm to others substantially in excess of that necessary to make the conduct negligent." *Id.,* cmt. a. Additionally, the Comment Section also

---

**2.** *Junk* was issued approximately three months after *Kuzmics.*

contrasts the difference between negligence and recklessness and states:

> Reckless misconduct differs from negligence in several important particulars. It differs from that form of negligence which consists in mere inadvertence, incompetence, unskillfulness, or a failure to take precautions to enable the actor adequately to cope with a possible or probable future emergency, in that reckless misconduct requires a conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man.... The difference between reckless misconduct and conduct involving only such a quantum of risk as is necessary to make it negligent is a difference in the degree of the risk, but this difference of degree is so marked as to amount substantially to a difference in kind.

*Id.,* cmt. g.

In the case *sub judice,* the trial court instructed the jury that the Defendants could be liable *only* for reckless conduct and that Johnson could *only* be liable for negligent conduct. Based on the above discussion, reckless conduct and negligent conduct require different levels of culpability. Our review of the jury instructions indicates that the trial court incorrectly instructed the jury to compare different levels of culpability. Under the Comparative Negligence Act, the only conduct that is statutorily authorized to be compared is *negligent* conduct. Consequently, we determine that the jury instruction was erroneous.

Instead, the trial judge should have instructed the jury that both Johnson and Bullock could be *either* reckless *or* negligent. As discussed above, the 1976 Code dictates that Johnson was only required to prove that Bullock's conduct was negligent. If the jury finds that Johnson's conduct is negligent as well, it would then be able to compare Bullock's conduct with Johnson's conduct under the Comparative Negligence Act. *See Krivijanski,* 515 A.2d at 936 (the courts of this Commonwealth have made the long-standing distinction between negligence and other forms of culpable conduct and have concluded that comparative negligence can only be applied where there is negligent conduct by both parties).[3]

We also point out that the trial court is at liberty to instruct the jury that it can find the conduct of either or both parties as reckless. We particularly note the fact that the trial judge instructed, as a matter of law, that Johnson was driving under the influence of controlled substances. Our Superior Court in *Focht v. Rabada,* 217 Pa.Super. 35, 268 A.2d 157 (1970), determined that driving under the influence is reckless conduct. Thus, there is case law to support a jury instruction to consider whether Johnson's conduct was reckless. Should the jury so determine and should they find Bullock's conduct reckless as well, the jury would then be permitted to compare their respective reckless conduct and apportion liability accordingly. *See, e.g., Chicchi* (where this Court approved a modified jury instruction stating that the jury should "consider whether [the plaintiff's] conduct was in reckless disregard of his own safety and that if both [the plaintiff's and the defendant's] actions were reckless, the recklessness should be apportioned between the parties).

---

**3.** By so holding, we do not mean to preclude any defense of governmental immunity that would be applicable to non-negligent conduct.

Accordingly, we vacate the order of the trial court and remand this case for a new trial.

### ORDER

**NOW,** September 26, 2002, the order of the Court of Common Pleas of Philadelphia County is hereby vacated and this case is remanded for a new trial consistent with this opinion.

Jurisdiction relinquished.