# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rodney Austin and Kimberly       :
Moser, husband and wife       :
      :
      v.       :    No. 355 C.D. 2022
      :    Submitted: December 4, 2023
Lehigh and Northampton       :
Transportation Authority and Chvon       :
Fenty       :
      :
Appeal of: Rodney Austin       :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
                   HONORABLE CHRISTINE FIZZANO CANNON, Judge
                   HONORABLE ELLEN CEISLER, Judge


OPINION BY
PRESIDENT JUDGE COHN JUBELIRER       FILED: January 25, 2024


      Rodney Austin (Austin) appeals from the Court of Common Pleas of Lehigh County's (trial court) entry of judgment against him. Austin and his wife, Kimberly Moser, sued the Lehigh and Northampton Transportation Authority (LANTA) and Chvon Fenty (Fenty) for injuries Austin suffered after a LANTA bus, operated by Fenty, struck a lift on which Austin was working. LANTA separately sued Austin, Austin's employer, Ryan Amato Painting, LLC (Amato), and another employee of Amato, Efrain Gonzalez (Gonzalez), for damages to the bus on the basis that traffic warning cones indicating the location of the lift were not properly placed. The trial court consolidated the personal injury and property cases for trial.[1] Austin argues he

---

[1] There were two other lawsuits related to this accident filed by two passengers who also suffered injuries, which were consolidated with the instant actions. One of the cases settled before trial, and another case was severed due to COVID-19 related issues. (Trial Court Opinion (Op.) at 4.) Austin's case and LANTA's case remained and were tried together.

is entitled to a new trial because under Pennsylvania's Comparative Negligence Law, 42 Pa.C.S. § 7102, and the Workers' Compensation Act (WC Act),[2] the trial court should not have consolidated Austin's case with LANTA's case; the trial court should not have allowed LANTA to argue comparative negligence[3] since Amato's negligence could not be imputed to Austin; and the trial court should have instructed the jury that Amato's negligence in LANTA's property case may not be considered or imputed against Austin in his personal injury case. Upon review, we affirm.

## I.    BACKGROUND

On November 5, 2015, Austin and Gonzalez, as employees of Amato, were painting the exterior of a building on Hamilton Street in Allentown. (Trial Court Opinion (Trial Ct. Op.) at 1.) Austin and Gonzalez were in a bucket approximately 50 feet in the air, which was attached to an articulating boom on a lift parked within the right of way of the eastbound lane on Hamilton Street. (*Id.*) Austin placed traffic cones in the roadway and around the lift. (*Id.*) Fenty was driving a bus owned by LANTA that was traveling east on Hamilton Street and struck the lift, causing injuries to Austin and Gonzalez. (*Id.* at 1-2.)

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[3] Section 7102(a) of Pennsylvania's Comparative Negligence Law states:

In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

42 Pa.C.S. § 7102(a).

The parties agreed to consolidate their cases for purposes of discovery. (*Id.* at 2.) On September 10, 2019, LANTA moved to consolidate the cases for trial. (*Id.*) Austin did not file an opposition to this motion. (*Id.*) The trial court granted LANTA's motion to consolidate on October 11, 2019. (*Id.*) Austin subsequently did not file a motion *in limine* concerning severance of the cases for trial. (*Id.*) Austin did file a pre-trial memorandum and proposed voir dire, proposed verdict slip, and proposed jury charge, all of which were silent on severing his case for purposes of trial from LANTA's case seeking to recover for damages to its bus. (*Id.*) The matters were scheduled for a consolidated trial on September 7, 2021. (*Id.* at 2-3.) After a request to continue the trial on the bases that the lead counsel for the case was leaving the firm and the new lead counsel wanted additional time to prepare, and COVID-19 restrictions in the courtroom would not allow for a fair trial was denied, Austin filed a motion to sever his case from LANTA's case on August 31, 2021. (*Id.* at 3.) Therein, Austin argued that LANTA's liability expert did not attribute any acts of negligence to Austin individually and the jury would be confused because Austin would be introduced as both a plaintiff and defendant in connection with the accident. (*Id.*) Austin further argued that the negligence of Amato in LANTA's case was likely to be imputed to Austin in his case, since Austin was working for Amato at the time of the accident. (*Id.* at 3-4.) The trial court denied the motion to sever on September 2, 2021, "citing judicial economy, the need to prevent further delay, [and] the lateness of the request[,] and [because] Austin was represented by separate lawyers," one for his case and one for LANTA's, and only counsel for Austin's case filed the motion to sever one week before the trial was to begin. (*Id.* at 4.) The consolidated trial continued as scheduled.

3

At the charging conference, Austin requested that the trial court preclude LANTA from arguing comparative negligence and Amato from appearing on Austin's verdict slip. (Reproduced Record (R.R.) at 198a, 205a-07a, 215a-21a, 285a.) Austin also presented a proposed verdict slip. (*Id*. at 207a-08a.) The trial court partially granted Austin's request and precluded Amato from appearing on Austin's personal injury verdict slip. (*Id*. at 229a-31a.) However, the trial court allowed LANTA to argue comparative negligence and allowed comparative negligence to appear on Austin's verdict slip. (*Id*. at 228a-29a, 231a, 286a.)

The trial court instructed the jury, in relevant part, as follows. The trial court mentioned that LANTA and Austin agreed that Fenty was operating as an employee of LANTA, and Austin and Gonzalez were operating as employees of Amato, and Fenty, Austin, and Gonzalez were all acting within the scope of their employment. (*Id*. at 318a-19a.) The trial court explained that the jury "must . . . decide whether LANTA was negligent, whether [] Austin was negligent, and whether there was negligence from Amato[.]" (*Id*. at 321a.) The trial court also explained that if "Amato [] and/or its employees" violated various safety standards and regulations, it is "evidence [the jury] must consider along with all the other evidence in deciding whether [] Amato . . . and/or its employees were negligent." (*Id*. at 324a-26a.) The trial court distributed the two separate verdict slips to the jury, one for Austin's personal injury action and one for LANTA's property damage case,[4] and walked the jury through each slip. (*Id*. at 335a-44a.) Before doing so, the trial court reminded the jury:

> You've heard reference by the attorneys there are two separate cases here. We consolidated them for the trial in order to achieve judicial economy. That is, we didn't think it was necessary to have separate

---

[4] The trial court appended the two verdict slips to its opinion.

4

trials, separate juries, and repeat a[] lot of the same evidence twice. So[,] we ordered that the cases be consolidated because all of the claims that we have really arise out of the same incident.

(*Id*. at 335a-36a.)  After walking the jury through the verdict slips, Austin re-asserted his position that the trial court should instruct the jury that any negligence found on Amato's part cannot be imputed to Austin.  (*Id*. at 352a.)  The trial court denied Austin's request and repeated to the jury:  "[T]here are two separate cases.  We consolidated them for trial in order to avoid two separate trials.  There are separate verdict slips, one for each case.  You need to follow the verdict slip literally.  So just follow the verdict slip, and I think you'll be fine."  (*Id*. at 354a-55a.)

In LANTA's property damage case, the jury found Amato negligent and LANTA not negligent.  (Trial Ct. Op. at 4, 6.)  In Austin's personal injury case, the jury found LANTA not negligent, barring Austin's recovery.  (*Id*. at 6.)  Austin filed the Motion for Post-Trial Relief (Motion) seeking a new trial and asserted four issues:  "(1) the denial of Austin's pre-trial motion to sever; (2) the denial of Austin's trial motion to preclude defense argument on comparative negligence[;] (3) a defective verdict slip[; and] (4) the failure to give a requested cautionary jury instruction concerning comparative negligence."  (*Id*. (footnote omitted).)  The trial court denied Austin's Motion and explained:

In order to simplify matters for the jury, the parties agreed Austin and Gonzalez were employees of Amato working within the scope of their employment, and any finding of liability against them would be attributed to Amato. . . .  The jury was presented with two verdict slips, one for LANTA's case against Amato, No. 2017-C-3062 . . . and the other for Austin's case against Fenty and LANTA, No. 2017-C-3335. . . .

Each juror was given [] cop[ies] of the verdict slips and encouraged to follow along with the court as it explained them line-by-line. . . .  In LANTA's case against Amato . . . the verdict slip contained three

5

questions. The first question was "Was . . . Amato, or any of its employees negligent? Yes/No." The verdict slip instructed the jury to proceed to question 2 if its answer to question 1 was "Yes." The jury answered "yes" to question 1. The second question was "Was LANTA or any of its employees negligent? Yes/No." The jury answered "No" to question 2. The verdict slip instructed the jury not to proceed any further and return to the courtroom if its answer to question 2 was "No," and to proceed to question 3, which addressed comparative negligence, only if its answer to question 2 was "Yes." Since the jury answered "No" to question 2, it did not proceed to question 3.[]

In Austin's case against Fenty and LANTA[,] . . . the verdict slip contained [eight] questions. The first question was "Did [] Fenty, while acting as an employee of LANTA, violate a statute in the Pennsylvania Vehicle Code[, 75 Pa.C.S. §§ 101-9805]? Yes/No." The verdict slip explained the consequence of a "Yes" answer to question 1 was that it had found LANTA to be negligent and the jury should proceed to question 3[,] dealing with causation; and if its answer was "No" to question 1, then it should proceed to question 2. The jury answered "No" to question 1, so it proceeded to question 2. Question 2 was "Was [] Fenty, an employee of LANTA, negligent in the operation of the bus? Yes/No." The jury answered "No." The verdict slip explained if its answers were "No" to questions 1 and 2, then Austin could not recover and it should not answer any of the remaining questions. Since the jury answered "No" to questions 1 and 2, it did not answer any of the remaining questions in accordance with the instructions by the court and on the verdict slip.

The jury's verdict in both cases were completely consistent with each other. In LANTA's case, it had found LANTA, through its employee Fenty, was not negligent in causing the accident and that Amato, by itself or through any of its employees, was negligent in causing the accident, perhaps because it concluded the traffic warning cones had been misplaced. In Austin's case, it found LANTA, by itself or through its employee Fenty, not negligent in causing the accident obviating the need for it to determine if Austin was negligent. In order to ensure clarity, the verdict slip in Austin's case did not refer to Amato, Gonzalez[,] or any other party; it referred only to Austin. Consequently, the jury awarded LANTA the agreed-upon amount of damages for the bus and awarded Austin nothing for his injuries because it determined Fenty, and thus LANTA, had not been negligent.

6

(*Id.* at 4-6 (internal citation and footnote omitted).)

The trial court further explained that no party had "questioned the consolidated trial and requested a severance of [its] case. Indeed, Austin's Motion to sever came one day after his application for a continuance of the trial had been denied and one week before trial." (*Id*. at 7.) In addition, the trial court found "[w]hile [w]orkers' [c]ompensation would preclude Austin's negligence from being an issue as to his employer, Amato, he was not suing his employer. He was suing Fenty and LANTA and, therefore, his individual negligence is relevant to his lawsuit against them." (*Id*. at 8.) The trial court also found there was no indication that the jury was confused, and that "[t]he jury concluded Fenty, and thus LANTA, had not caused the accident, and that Amato or its employees had. . . . The jury followed the instructions of the court and on the verdict slips." (*Id*.) Therefore, the trial court denied Austin's Motion. The trial court entered a final judgment against Austin, and Austin appealed.[5]

## II.  DISCUSSION

On appeal to this Court, Austin argues the trial court erred or abused its discretion by consolidating Austin's and LANTA's cases, allowing LANTA to argue comparative negligence in its case because Amato's negligence should not be

---

[5] The appeal was originally taken to the Superior Court, which transferred the appeal to this Court by Order dated March 15, 2022. On January 4, 2024, this Court ordered Austin to file a certified copy of the trial court's docket entries to show that a judgment was entered, as it appeared from the original record that no such judgment had been entered. "[A]n [a]ppeal lies from the judgment entered and not the denial of post-trial motions, and a verdict d[oes] not become final for purposes of appeal until properly reduced to and entered as a formal judgment under Pa.R.C[iv.]P. [] 227.4." *Mitchell v. Milburn*, 199 A.3d 995, 999 n.2 (Pa. Cmwlth. 2018) (quotation marks and citations omitted). Austin timely complied with this Court's Order and filed a praecipe to enter a final judgment on January 9, 2024, which the trial court entered that same day.

imputed to Austin, and by not instructing the jury that Amato's negligence in LANTA's case may not be considered or imputed against Austin.  (Austin's Brief (Br.) at 27, 33, 40.)  Essentially, Austin argues that Section 303(b) of the WC Act, 77 P.S. § 481(b), and Section 7102(a.2) of Pennsylvania's Comparative Negligence Law do not allow for Amato's negligence to be considered in Austin's case against Fenty and LANTA for his personal injuries.  (Austin's Br. at 20-22.)  Austin asserts he was prejudiced by allowing the jury to hear evidence of Amato's negligence in LANTA's property damage case alongside Austin's personal injury case.  (*Id*. at 27-28.)  Austin further argues that the trial court should not have allowed LANTA to argue comparative negligence in Austin's case because LANTA's liability expert did not opine that Austin was personally negligent, as opposed to Amato.  (*Id*. at 34-35.)  Austin also contends the trial court should have given a jury instruction that explained Amato's negligence in LANTA's case could not be imputed to Austin in his case.  (*Id*. at 40-41.)

Where the trial court denies a motion for a new trial, our standard of review is for an abuse of discretion.  *Ball v. Bayard Pump & Tank Co., Inc.*, 67 A.3d 759, 767 (Pa. 2013) (citing *Stevenson v. Gen. Motors Corp.*, 521 A.2d 413, 419 (Pa. 1987)).  "An abuse of discretion occurs only where the trial court has reached a conclusion that overrides or misapplies the law, or when the judgment exercised is manifestly unreasonable, or is the result of partiality, prejudice, bias or ill-will." *Ball*, 67 A.3d at 767.

Preliminarily, we note the laws Austin cites for our analysis.  Section 303(b) of the WC Act states:

> In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive

8

damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

77 P.S. § 481(b). Section 7102(a.2) of Pennsylvania's Comparative Negligence Law states:

For purposes of apportioning liability only, the question of liability of any defendant or other person who has entered into a release with the plaintiff with respect to the action and who is not a party shall be transmitted to the trier of fact upon appropriate requests and proofs by any party. A person whose liability may be determined pursuant to this section does not include an employer to the extent that the employer is granted immunity from liability or suit pursuant to the . . . W[C] Act. . . .

42 Pa.C.S. § 7102(a.2).

As our Supreme Court has recognized, "the purpose of [the WC Act] was to restrict the remedy available to an employee against the employer to compensation, and to close to the employee, and to third parties, any recourse against the employer in tort for negligence." *Tsarnas v. Jones & Laughlin Steel Corp.*, 412 A.2d 1094, 1097 (Pa. 1980) (*Tsarnas II*). It has been recognized that "even though an employer cannot be joined for the purposes of asserting or apportioning liability, non-employer defendants may introduce evidence of the employer's alleged negligence in an effort to show it was the sole legal cause of the plaintiff's injuries." *Carcaise v. Cemex, Inc.*, 217 F. Supp. 2d 603, 608 (W.D. Pa. 2002) (citing *Tsarnas v. Jones & Laughlin Steel Corp.*, 396 A.2d 1241, 1244-45 (Pa. Super. 1978) (*Tsarnas I*), *aff'd* by *Tsarnas*

9

*II*).[6]  In *Dodson v. Beijing Capital Tire Company, Ltd.*, (M.D. Pa., No. 3:14-CV-01358, filed September 27, 2017), 2017 WL 4284417, the United States District Court for the Middle District of Pennsylvania addressed the very issue of whether "the negligence of an employer is [] relevant in consideration of a claim brought by an employee for injuries sustained as a result of the actions of a third-party tortfeasor." *Id*. at *5.  *Dodson* cited *Tsarnas II* and explained:

> To wit, the W[C] Act . . . discussed in *Tsarnas* [*II*] opens with "[i]n the event injury or death to an employee is *caused* by a third party. . . [.]" *See Tsarnas* [*II*], 412 A.2d at 1096 (emphasis added).  Causation remains a barrier to negligence consideration.  Once causation is proven attributable to the third party, then employer negligence considerations are irrelevant.  Until such a time, however, evidence bearing on causation should not be discounted.

*Dodson*, 2017 WL 4284417, at *6 (emphasis in original).  Although the WC Act precludes an employee or third party from recovery against an employer, there is no preclusion from introducing evidence of the employer's negligence in such an action to show that the employer's negligence was the cause of injury.  *Id*.; *Carcaise*, 217 F. Supp. 2d at 608.

We now address Austin's arguments with the above provisions in mind.


### A.    *Severance*

#### 1.    Parties' Arguments

Austin first argues the trial court erred or abused its discretion in denying his application to sever his case from LANTA's case.  Austin contends he was

---

[6] "Generally, decisions of federal district courts and courts of appeals are not binding on this Court, . . . but they may have persuasive value." *GGNSC Clarion LP v. Kane*, 131 A.3d 1062, 1069 n.15 (Pa. Cmwlth. 2016).  "Unreported federal court decisions may also have persuasive value." *Nagle v. TrueBlue, Inc.*, 148 A.3d 946, 959 n.15 (Pa. Cmwlth. 2016).

prejudiced by allowing the jury to "hear and weigh evidence of [Amato's] comparative negligence in a case brought by [Austin] against a third-party tortfeasor[, LANTA]. . . ." (Austin's Br. at 28.) Austin claims the jury was not allowed to consider Amato's negligence in his case because the negligence of an employer may not be imputed to the negligence of an employee under the WC Act and the Comparative Negligence Law. (*Id*.) Because of this prejudice, Austin argues the trial court must have ordered separate trials. (*Id*. at 29.) Austin claims "[i]t was highly foreseeable . . . that the jury would lump [] Austin in with the actions of his employer[,]" and the "prejudice suffered by [] Austin resulting from a joint trial with . . . Amato . . . clearly outweighed the procedural convenience of disposing of all issues in one trial. . . ." (*Id*. at 31-32.)

LANTA responds the trial court properly declined to sever Austin's case because the issues in the two cases were not complex and did not involve different fact patterns. (LANTA's Br. at 6.) LANTA argues Austin did not oppose LANTA's motion to consolidate, which was filed **September 10, 2019**, and Austin did not contest consolidation until **August 31, 2021**, **a week** before the trial was to begin. (*Id*. at 6-7.) LANTA further argues had the trial court granted Austin's Motion, LANTA would have been prejudiced because it would have had to alter its trial strategy and update expert reports with limited preparation time. (*Id*. at 8.) LANTA also contends that Austin did **not** file any motions *in limine* challenging the use of LANTA's expert, Dennis W. Eckstine. (*Id*.) Notwithstanding Austin's untimely challenges, LANTA argues the trial court did not abuse its discretion in consolidating Austin's and LANTA's trials because Eckstine's expert report found that "Amato[], through its employees, 'failed to properly use safety cones as a traffic

11

control device around an aerial work platform,' in violation of Federal and State regulations." (*Id*. at 11.) LANTA concedes:

> [T]hough it is true that Eckstine never specifically stated a conclusion that Austin acted negligently in setting up the area around the boom lift, Eckstine's testimony supports a conclusion by the jury that Austin set up the cones, [that] the cones were set up negligently, and that the manner in which the cones were set up was the reason for the accident.

(*Id*. at 12.) Last, LANTA argues the WC Act restricts the remedies available to the employee and third parties in an action for negligence, and it does not prevent possible evidentiary prejudice against an employee. (*Id*. at 15.)

### 2. Analysis

Rule 213(b) of the Pennsylvania Rules of Civil Procedure states:

> The court, in furtherance of convenience or to avoid prejudice, may, on its own motion or on motion of any party, order a separate trial of any cause of action, claim, or counterclaim, set-off, or cross-suit, or of any separate issue, or of any number of causes of action, claims, counterclaims, set-offs, cross-suits, or issues.

Pa.R.Civ.P. 213(b). "The decision whether to sever or bifurcate under Rule 213(b) is entrusted to the discretion of the trial court, which is in the best position to evaluate the necessity for taking measures the rule permits." *Ball*, 67 A.3d at 767 (citing *Gallagher v. Pa. Liquor Control Bd.*, 883 A.2d 550, 557 (Pa. 2005)). The trial court has discretion in deciding whether to sever "in the furtherance of convenience or to avoid prejudice." *Ball*, 67 A.3d at 771 (citing Rule 213(b)).

In its discretion, the trial court denied Austin's Motion because of judicial economy, preventing further delay, the timing of the Motion, and the fact that Austin was represented by two lawyers, one for his case and one for LANTA's, and only counsel for Austin's case filed this Motion a week before the trial was to begin.

12

(Trial Ct. Op. at 4.) The trial court also explained the parties agreed that Austin and Gonzalez were employees of Amato at the time of the accident, and any negligence on their part would be imputed to Amato. (*Id*.) Further, the expert opinion report from Eckstine was produced on November 15, 2019, and Eckstine was deposed on April 21, 2021. (*Id*. at 3.) Therefore, Austin had ample opportunity to challenge consolidation, and the trial court did not err in denying Austin's Motion based on judicial economy and preventing further delay.

The case of *Kincy v. Petro*, 2 A.3d 490 (Pa. 2010), is illustrative. In *Kincy*, our Supreme Court explained that there are three types of consolidation:

> First, where all except one of the several actions are stayed until one is tried, in which case the judgment in the one is conclusive as to the others; second, where several actions are combined into one and lose their separate identity and become a single action in which a single judgment is rendered; and, third, where several actions are ordered to be tried together but each retains its separate character and requires the entry of a separate judgment. Failure in many cases to clearly distinguish between these various uses of the word has caused no little apparent confusion in the decisions. Where a technical consolidation takes place, the result is that one verdict is rendered which is conclusive of the entire subject[ ]matter of the litigation. Consequently, different actions cannot be consolidated unless between the same parties and involving the same subject[ ]matter, issues, and defenses. But where separate actions in favor of or against two or more persons have arisen out of a single transaction, and the evidence by which they are supported is largely the same, although the rights and liabilities of parties may differ, it is within the discretion of the trial judge to order all to be tried together, though in every other respect the actions remain distinct and require separate verdicts and judgments.

2 A.3d at 494 (quoting *Azinger v. Pa. R. Co.*, 105 A. 87, 87-88 (Pa. 1918) (emphasis omitted)). Here, the third definition of consolidation applies because the trial court consolidated two cases, LANTA's and Austin's, and the jury returned two separate verdicts. The evidence of the accident was largely the same, and although the rights

and liabilities of LANTA, Amato, and Austin differed, the trial court had discretion to order that LANTA's and Austin's cases be tried in one proceeding. *Id.*

Austin still contends he was prejudiced by consolidation of his case and LANTA's case because the WC Act prevents the negligence of an employer to be imputed to the negligence of an employee. As explained in *Tsarnas II*, the WC Act only precludes an employee or third-party tortfeasor from joining the employer to the suit to seek damages. 412 A.2d at 1097. The employer's negligence is relevant and permitted to be presented to show that it was the cause of the employee's injury, and not the third-party tortfeasor. *Dodson*, 2017 WL 4284417, at *6; *Carcaise*, 217 F. Supp. 2d at 608. Neither LANTA nor Austin joined or sought damages from Amato in Austin's personal injury suit, as such an action would be clearly barred. However, it was permissible for LANTA to present evidence of Amato's negligence in Austin's suit to show that LANTA was not the cause of Austin's injury. *Id.* Thus, the trial court did not abuse its discretion in denying Austin's Motion.

### B.   *Comparative Negligence*

#### 1.   Parties' Arguments

Austin argues the trial court erred or abused its discretion in denying Austin's motion to preclude LANTA from arguing comparative negligence in Austin's personal injury case. (Austin's Br. at 33.) Austin submits that Eckstine's testimony did not "assign[] any duty or breach of duty to [] Austin . . . but rather intertwined [Austin] with [Eckstine's] opinion of [Amato's] comparative negligence in a manner not permitted to be used by the jury against [] Austin in [his] case under Pennsylvania's Comparative Negligence Law." (*Id.*) Austin further contends that no expert evidence was put forth that Austin was personally negligent "when he put

14

the warning cones where he was directed to do so by his supervisor." (*Id.* at 34.) Austin argues LANTA "was able to backdoor evidence and argument of the employer's negligence into the trial of [] Austin's case and thereby prejudice the jury's consideration of the issues against [] Austin when such negligence could never have been heard, argued, considered[,] or instructed upon in [] Austin's case[.]" (*Id.* at 34-35 (emphasis omitted).) Lastly, Austin argues although the trial court removed Amato from Austin's verdict slip, "this was insufficient to cure the cumulative errors from denying severance and allowing [Amato's] negligence to be considered alongside [] Austin's claims." (*Id.* at 37-38.)

LANTA responds that the trial court properly denied Austin's motion to preclude comparative negligence arguments because this evidence was not unfairly prejudicial. (LANTA's Br. at 15.) LANTA also argues that Austin had ample time to challenge the use of Eckstine's testimony in Austin's trial. (*Id.* at 16-17.)

### 2. Analysis

The Superior Court addressed a similar issue in *William Harter and Cleaver Brooks, A Division of Aqua-Chem, Inc. v. Yeagley*, 456 A.2d 1021 (Pa. Super. 1983).[7] In *Yeagley*, the appellants therein argued that "an employer . . . may not be joined as [an] additional defendant[] even for the limited purpose of enabling the jury to determine the comparative negligence of all parties to the transaction." *Yeagley*, 456 A.2d at 1022. The Superior Court agreed with the appellants, citing *Heckendorn v. Consolidated Rail Corporation*, 439 A.2d 674 (Pa. Super.), *aff'd*, 465 A.2d 609 (Pa. 1983), stating "[a]n employer's liability for an industrial accident is

---

[7] Pennsylvania Superior Court cases are not binding on this Court; however, when such cases discuss analogous issues they offer persuasive precedent. *Stahl v. Workers' Comp. Appeal Bd. (E. Hempfield Twp.)*, 242 A.3d 3, 13 n.6 (Pa. Cmwlth. 2020) (citing *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018)).

limited to an amount determined by the W[C] Act. If [an employer] assumes that liability, . . . he cannot be made a party to his employee's common law action for negligence against a third person." *Yeagley*, 456 A.2d at 1023. The Superior Court thus held that "the Comparative Negligence Law does not permit joinder of an employer as an additional defendant, even for the limited purpose of apportioning liability." *Id*. at 1024. *Yeagley* emphasizes that the WC Act and the Comparative Negligence Law work hand-in-hand to **prevent an employee or a third party from joining an employer** to its negligence suit to recover damages. Neither Austin nor LANTA **joined** Amato to Austin's suit. Thus, joinder of Amato is not an issue here.

Austin still contends that Amato's comparative negligence should not have been considered in Austin's case at all; thus, they should have been tried separately. One of the purposes of the WC Act is to prevent LANTA from seeking contribution or indemnity from Amato in Austin's case against LANTA. *Tsarnas II*, 412 A.2d at 1097. Again, neither Austin nor LANTA attempted to join Amato as a defendant in Austin's case. **Austin needed to prove the elements of negligence** to hold LANTA liable, including causation. As seen from Austin's verdict slip, the jury found that Austin did not prove LANTA was negligent in the accident, which barred his recovery. Because the jury did not find LANTA negligent, all "evidence bearing on causation" remained relevant, including Amato's. *Dodson*, 2017 WL 4284417, at *6; *see also Carcaise*, 217 F. Supp. 2d at 608. Therefore, the trial court did not abuse its discretion in denying Austin's Motion.

16

## C.	*Jury Instructions*

### 1.	Parties' Arguments

Austin lastly argues that the trial court erred or abused its discretion by not instructing the jury that Amato's negligence could not be imputed to Austin. (Austin's Br. at 40.) Austin contends because Amato was not a party to Austin's action, the jury should have been instructed that it may not consider Amato's negligence in Austin's case. (*Id.* at 40-41.) Austin explains that if a jury instruction is misleading or confusing, it is a sufficient ground to grant a new trial. (*Id.* at 41.) Austin further argues the trial court's reasoning in denying Austin's requested jury instruction, that the verdict forms were clear, does not hold because "the jury does not know what it does not know; as non-lawyers, it cannot become aware of its own confusion about applying instructions it was never given. . . ." (*Id.* at 42-43.) Austin argues the jury was not aware that it was "to apply only some of the evidence and arguments against some parties and not others." (*Id.* at 43.) Austin also points out that the trial court instructed the jury in LANTA's property damage case that it must consider whether Amato or its employees were negligent. Because of this instruction, Austin argues the trial court made no distinction between Austin's case and LANTA's case and that if the jury found Amato negligent, it was not evidence that Austin was negligent. (*Id.* at 45-46.)

LANTA responds the trial court properly instructed the jury and the instructions did not mislead the jury or omit relevant law. (LANTA's Br. at 18.) LANTA argues that for it to be a reversible error, a jury instruction must be erroneous and prejudicial. (*Id.*) LANTA points out that the trial court reminded the jury that "there are two separate cases." (*Id.* at 19 (citing R.R. at 354a-55a).) LANTA also argues, in the alternative, that if the trial court did err in its jury charge,

17

it was harmless error because the verdict would nevertheless be the same as the jury found Amato, by and through its employees, was negligent. (*Id.* at 20.) LANTA contends that "[i]f a ruling cannot be deemed to have affected the verdict, then it cannot be grounds for interfering with the jury's decision." (*Id.* at 21.) LANTA also argues that Austin, in his case, had the burden to prove LANTA was negligent and the jury's verdict shows Austin did not meet his burden. (*Id.* at 23.)

      2.    Analysis

As this Court has recognized:

> "[T]he primary duty of a trial judge in instructing a jury is to clarify the issues so that the jury is able to comprehend the question they are to decide." *Chicchi v. S[e.] P[a.] Transp[.] Auth[.]*, 727 A.2d 604, 609 (Pa. Cmwlth.[]), *petition for allowance of appeal denied*, . . . 747 A.2d 371 ([Pa.] 1999). Where the jury instruction fairly and accurately apprises the jury of the relevant law, a new trial is not warranted. *Id.* A jury instruction, when considered in its entirety, must be not only erroneous but also prejudicial to the complaining party to constitute reversible error.

*Johnson v. City of Philadelphia*, 808 A.2d 978, 980 (Pa. Cmwlth. 2002).

The trial court instructed the jury on negligence, reminded the jury that there were two separate cases, precluded Amato from appearing on Austin's verdict slip as LANTA requested, and walked the jury through the two separate verdict slips. (R.R. at 321a-434a.) In Austin's personal injury case, the verdict slip first asked whether Fenty, and therefore LANTA, violated any traffic laws or was negligent in operating the bus. Austin requested the trial court to instruct the jury that Amato's negligence could not be imputed to Austin and to preclude Amato from appearing on Austin's verdict slip. The trial court partially granted Austin's request and did not include Amato on Austin's jury slip; but the trial court did not instruct the jury that Amato's negligence could not be imputed to Austin and instead reiterated that

18

there were two separate cases and that the jury should follow the verdict slips literally. (*Id*. at 354a-55a.) For a jury instruction to constitute reversible error, it has to be erroneous **and prejudicial**. *Johnson*, 808 A.2d at 980. In Austin's case, the jury found that Fenty, and therefore LANTA, did not violate any traffic laws or was negligent. As stated above, **Austin had the burden to prove** that LANTA was negligent in his case. Because the jury found that LANTA was not negligent, Austin was barred from recovery. Therefore, even if the trial court's jury instructions were erroneous, there was no prejudice to Austin because the jury did not find LANTA negligent, barring recovery for Austin, and the jury did not reach the issue of whether Austin was comparatively negligent. *See Boyle v. Indep. Lift Truck, Inc.*, 6 A.3d 492, 497 (Pa. 2010) (holding "where a jury . . . finds no negligence on the part of a defendant, any issue of comparative negligence no longer remains in the case, and any purported error regarding a question on comparative negligence is non-prejudicial, and does not serve as a basis for a new trial").

## III. CONCLUSION

In sum, the trial court did not abuse its discretion in denying Austin's Motion. The trial court, in its discretion, consolidated LANTA's and Austin's cases. Further, the trial court allowed evidence of Amato's negligence to be considered in the consolidated cases because it was relevant to whether LANTA was the cause of Austin's personal injuries. Last, Austin was not prejudiced by the trial court's jury instructions and, therefore, is not entitled to a new trial. As such, the entry of judgment is affirmed.

**RENÉE COHN JUBELIRER,** President Judge

19

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rodney Austin and Kimberly :
Moser, husband and wife :
 :
 :
 v. : No. 355 C.D. 2022
 :
Lehigh and Northampton :
Transportation Authority and Chvon :
Fenty :
 :
Appeal of: Rodney Austin :

## O R D E R

  **NOW**, January 25, 2024, the judgment of the Court of Common Pleas of Lehigh County entered in favor of Lehigh and Northampton Transportation Authority and Chvon Fenty, is **AFFIRMED**.

           _____

           **RENÉE COHN JUBELIRER,** President Judge